FRANK G. VAN DYKE & CO. *v.* A. J. STUART LAND CO.

1. Appeal and Error—Where Only One Party Brings Error Only Questions Pertinent to Issues Submitted to Jury Reviewed.

Where defendant alone brought error, the questions to be reviewed are confined to those pertinent to the issue upon which the case was submitted to the jury.

2. Novation—Evidence—Sufficiency.

Evidence that defendant understood, at the time it executed a contract for the sale of its lots, that the persons with whom it contracted would form a corporation to perform it, and that it afterward received checks from the corporation and otherwise dealt with it in connection with the contract, was sufficient to carry the question of novation to the jury.

---

As to what constitutes performance of contract by real estate broker to find a purchaser or effect a sale of his principal's property, see annotation in 44 L. R. A. 593.

3. BROKERS—RIGHT TO COMMISSIONS MAY BE CHANGED BY CONTRACT.
   Ordinarily, if a broker acts in good faith, his commission is
   earned when the owner and the purchaser enter into a bind-
   ing contract of sale, but this may be changed by the contract
   between the broker and the owner.

4. SAME—COMMISSIONS—BURDEN OF PROOF.
   In an action for commissions on the sale of lots, where the
   contract provided that commissions should be payable from
   one-half of moneys received on each lot until the full amount
   of commission was paid, the trial court correctly held that
   the effect was to limit commissions earned to a proportion
   of collections on contracts of sale, and, in order to recover
   on the basis of collections earned but not actually made, the
   broker has the burden of showing that the purchasers were
   able and willing to perform their contracts, and that failure
   to collect was due to the owner's fault.

Error to Wayne; Webster (Clyde I.), J. Sub-
mitted October 12, 1928. (Docket No. 97, Calendar
No. 33,943.) Decided December 4, 1928. Rehearing
denied March 29, 1929.

Assumpsit by Frank G. Van Dyke & Company
against A. J. Stuart Land Company and others for
commissions on the sale of land. Judgment for
plaintiff. Defendant company brings error. Re-
versed.

*Harry H. Wait,* for appellant.

*Wurzer & Wurzer* (*John T. Higgins,* of counsel),
for appellee.

FEAD, C. J. March 3, 1924, by written agreement,
defendant A. J. Stuart Land Company employed
Harold S. Baker and Frank G. Van Dyke, real es-
tate brokers, to sell some 800 lots of a subdivision
on a commission basis of 25 per cent. of the selling
price, the brokers to make collections on land con-
tracts and the commissions to be payable out of
collections. Baker and Van Dyke formed plaintiff

corporation, assigned the contract to it in payment for stock, sold $199,700 worth of the lots, collected $47,873.17 on land contracts, paid defendant over $18,000, and charged certain expenses to it. The land contracts were executed by defendant. Most of them carried down payments of 10 per cent. of the purchase price and deferred payment of one per cent. per month. In January and February, 1925, plaintiff sold about $80,000 worth of the lots, on nearly all of which only the down payment of ten per cent. has been made. Some time later trouble arose between the parties and plaintiff finally ceased operations under the contract.

Claiming that it had been prevented from further performance of the contract by defendant's refusal to make certain improvements in the subdivision which it had agreed to make, plaintiff brought suit on the common counts in assumpsit and on special count for loss of profits. Upon the close of proofs, the court directed a verdict for defendants A. J. and Mary Stuart, who composed defendant corporation, had transferred the subdivision property to it and later taken it back, rejected plaintiff's claim for profits, and submitted to the jury only its right to commissions on sales already made, on the theory that plaintiff was entitled to recover for commissions then earned and due, if prevented by defendant from performance. Plaintiff had verdict for $21,745.06, $4,000 of which was later remitted. This verdict evidently allowed plaintiff full commissions on all sales made by it. Defendant alone brought error. This confines the questions here to those pertinent to the issue upon which the case was submitted to the jury.

Defendant contends plaintiff cannot recover because the contract was for personal services and not assignable. Baker and Van Dyke testified that when

the contract was executed defendant understood they would form a corporation to perform it and afterward received checks from the corporation and otherwise dealt with it in connection with the contract. The court submitted the question of novation to the jury with full instructions which are not challenged. The testimony was ample to carry the issue to the jury. There is also much merit in plaintiff's contention that, as the issue finally submitted covered only money earned and due, the assignment was valid without novation. 5 C. J. p. 883; 2 R. C. L. p. 602.

Besides the sales made in January and February, 1925, other contracts are more or less delinquent. Some suits for rescission have been commenced. Defendant contends commissions were not earned except out of collections on land contracts, under the following clause:

"The said party of the first part agrees to pay the said parties of the second part, as a compensation for selling the above lots, a commission of twenty-five per cent. (25%) of the selling price of each lot sold, according to terms and restrictions as determined by owner, and the said commission shall be payable, one-half of all the moneys received on each lot until the full amount of the said commission shall have been paid. In case of forfeiture of any contract for the sale of any lot, the said lots shall be immediately returned to the parties of the second part for resale and such resale shall be construed as a new or original sale and subject to conditions covered in this contract for original sale, provided, if one-half of the sum received on any sale at the time of the forfeiture of any contract therefor shall be less than such twenty-five per cent. (25%) commission, then such one-half so received shall be in full of such commission."

We agree with the circuit judge that the effect of this clause was to limit commissions earned to a proportion of collections on contracts of sale. Ordinarily, if a broker acts in good faith, his commission is earned when the owner and the purchaser enter into a binding contract of sale. 9 C. J. p. 591. But this may be changed by the contract. The above clause does not merely defer time of payment of commissions, it limits those earned to a proportion of collections. *Hanley* v. *Porter*, 238 Mich. 617; *Boysen* v. *Frink*, 80 Ark. 254 (96 S. W. 1056). Under such contract, the owner does not unequivocally accept the purchaser by execution of land contract, and, in order to recover on the basis of collections earned but not actually made, the broker has the burden of showing that the purchasers were able and willing to perform their contracts and that failure to collect was due to defendant's fault. Plaintiff made no such showing except as to a few contracts representing a small part of the verdict. Its claims as to those were disputed by the defendant and presented issues for the jury. They were not submitted in harmony with the above rules.

Judgment reversed and new trial ordered, with costs to defendant.

North, Fellows, Wiest, McDonald, Potter, and Sharpe, JJ., concurred. Clark, J., did not sit.