ADAMS *v.* BRUCE.

VENDOR AND PURCHASER—FORECLOSURE—JOINT ADVENTURES.
   In proceedings to foreclose land contract against vendee and others for whom vendee acted as trustee all defendants held to be joint adventurers under an agreement whereby advancements were to be returned by trustee out of profits and profits above advancements were to be shared *pro rata.*

Appeal from Oakland; Doty (Frank L.), J. Submitted October 12, 1933. (Docket No. 37, Calendar No. 37,354.) Decided December 5, 1933.

Bill by Julia C. Adams against Charles L. Bruce, individually and as trustee, and others to foreclose a land contract and for deficiency. From decree of foreclosure as to all defendants and for deficiency as to defendant Bruce only, plaintiff appeals. Decree for plaintiff for deficiency as to all defendants.

*Albert McClatchey,* for plaintiff.

*Chawke & Sloan,* for defendants.

WIEST, J.   The bill herein was filed to foreclose a land contract, executed by plaintiff as vendor and defendant Charles L. Bruce as vendee and trustee, and to obtain a decree for deficiency, if any, against all of the defendants, on the ground that the trustee was acting for himself and the other defendants as joint adventurers in the purchase of the property for their mutual profit.   The court found that plaintiff was entitled to a decree of foreclosure against all of the defendants but decreed no liability on the part of defendants other than Bruce to respond for a deficiency.   Plaintiff prosecutes review and seeks to have decree against all of the defendants for deficiency on the ground that, as joint adventurers, they are liable.

If all defendants were proper parties to the foreclosure, because of their relation to the purchase by Bruce, it is difficult to understand why they should not be held as joint adventurers.   If Bruce alone was the purchaser, and it was his sole venture, and not as well that of the other defendants, then decree against him would be sufficient and the other defendants were not proper parties.

The answer of all of the defendants set up an agreement constituting them joint adventurers, and the answer stands as an admission and as such discloses advancement of money to enable Bruce to enter into the contract and an agreement for return of the advancements out of prospective profit and also participation in profits above advancements. This constituted all of the defendants joint adventurers, explains why the vendee Bruce was styled trustee, and fixes liability upon all defendants.

We quote from defendants' answer and exhibit attached thereto:

"I (Charles L. Bruce) hereby agree in event this property is disposed of to first return your advance in full out of the net proceeds received and secondly if the property is sold at a net profit to pay you a *pro rata* share of same equal to the per cent. your advance bears to the total original down payment, and further if there should be any further advances received from you they shall be treated relatively.

"It is distinctly understood however that my liability for the repayment of the above advance shall be limited in any and all respects to only the net proceeds received by me from the disposal of the above described property."

All of the defendants are liable for deficiency and the decree of this court will so provide. Plaintiff will recover costs.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.