BRIGGS *v.* COLGROVE.

Vendor and Purchaser—Trusts—Privity of Contract.

Land contract vendors may recover instalments due from vendee in action of assumpsit but, for want of privity of contract, may not recover from members of syndicate for whom vendee acts as trustee.

Appeal from Wayne; Campbell (Allan), J. Submitted April 20, 1934. (Docket No. 58, Calendar No. 37,532.) Decided June 4, 1934.

Assumpsit by Claude S. Briggs and wife against Lawrence E. Colgrove and others for a payment due on a land contract. Garnishment by plaintiffs before judgment as to defendant Claude A. Crusoe against Guardian National Bank of Commerce and others, garnishee defendants. From directed verdict and judgment for plaintiffs against defendant

Colgrove, directed verdict and judgment for other defendants and from orders quashing writs of garnishment, plaintiffs appeal. Affirmed.

*Frank C. Sibley,* for plaintiffs.

*Pelton & McGee,* for defendants Colgrove, Saunders, Buck, Jarvis, Randall, Parmenter and Bagby.

*Monaghan, Crowley, Reilley & Kellogg,* for defendants McNaughton and Turner.

*Goodenough, Voorhies, Long & Ryan,* for defendant Kutsche.

*Ward N. Choate,* for defendants Crusoe and Ellis.

WIEST, J. This is an action of assumpsit by vendors in a land contract against the vendee and others, alleged to have been initial joint adventurers with the named vendee.

Plaintiffs owned an 87-acre farm near Pontiac and wanted to sell it for $1,250 per acre and, on March 14, 1927, gave defendants Saunders, Colgrove and Buck an option to purchase the farm at a price of $108,750 and, on April 21, 1927, executed a land contract of sale, under seal, to Lawrence E. Colgrove. March 15, 1927, all defendants entered into a subscription agreement for the purpose of purchasing, holding and selling the land, and provided that the syndicate should enter into a land contract for the purchase. The individual subscriptions were payable to Saunders, Colgrove and Buck, designated a copartnership, as trustee. June 15, 1927, Lawrence E. Colgrove, in whose name the land contract was taken, made a declaration of trust, which was also signed by all defendants, setting forth the interest of each member, and reciting that

the contract, from Briggs to Colgrove, was actually made by the parties to the declaration of trust in their behalf, and providing for management and distribution of profits. August 25, 1930, plaintiffs borrowed money from the Detroit & Security Trust Company, and assigned their vendors' interest in the land contract as security. The Detroit & Security Trust Company filed a certificate that this suit was instituted with its knowledge and authority. Writ of garnishment was issued as to defendant Claude Crusoe to the Guardian National Bank of Commerce, First Wayne National Bank of Detroit and Fisher Body Corporation. The court entered judgment against defendant Lawrence E. Colgrove for the instalment due on the land contract and discharged the other defendants on March 9, 1933. Other writs of garnishment appear to have been issued as to several defendants and, after judgment, the principal defendants so involved moved to dismiss the writs and, on April 18, 1933, the court dismissed the writs of garnishment. This was done after preliminary notice of appeal. This is an appeal from the judgment and also from the dismissal of the writs of garnishment.

Plaintiffs claim right to recover against all defendants as joint adventurers.

Defendants claim that Colgrove acted for himself and there was no privity of contract between the other defendants and plaintiffs; that the assignment to the Detroit & Security Trust Company barred suit by plaintiffs and also aver violation of the Michigan securities act (Act No. 220, Pub. Acts 1923), and estoppel by readjustment of rights by subsequent agreement.

If the judgment rendered was right then we need pay no attention to the dismissal of the writs of garnishment.

We think the principal question involved is controlled by our opinion in *Wardowski* v. *Guardian Trust Co.*, 262 Mich. 422. In that case the trust company, vendee in a land contract, upon foreclosure by the vendor, contended that any decree for deficiency should be against members of the syndicate for whom the vendee was in fact acting as trustee. We held there was want of privity of contract between members of the syndicate and the vendor in the land contract. In that case the members of the syndicate authorized the trust company to act as trustee in their behalf and, as between them and the trust company, we held they could be made to respond within the compass of their agreement but that such response could not be carried to the vendor under an undertaking by the trustee in its corporate capacity. In that case the vendee executed the land contract under the designation of "trustee" and the vendor was advised of the trust capacity of the vendee by a copy of the trust agreement, attached to the land contract. That case determines this.

*Adams* v. *Bruce*, 265 Mich. 137, was a foreclosure in equity and did not involve privity of contract. See *Tapert* v. *Schultz*, 252 Mich. 39; *Barnard* v. *Huff*, 252 Mich. 258 (77 A. L. R. 259).

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.