DANIEL BACON v. JOSEPH BATES AND JOHN BANNISTER.

*Demurrer.    Order  Accepted,  Payee  may  bring  Suit  in  his own Name.   Novation.   Consideration.   Negotiability.*

W. gave a written order to the plaintiff for all that was due him, on the defendants, and it was accepted by them, by writing their names across the same. *Held*, on demurrer,

1. That the payee could maintain an action in his own name, and recover of defendants whatever was due from them to W.
2. The giving of the order by W.; receiving and presenting it for acceptance by the plaintiff; and accepting it by the defendants, under the circumstances, completed a novation.*
3. When an order is given by one party, received and presented by another, and accepted by a third, the agreement of each party is a sufficient consideration for the agreement of every other party.
4. The negotiability of the order was restricted, being for an uncertain amount; but this did not render it invalid, nor affect the payee's right to enforce the same.

THIS case was heard on demurrer to the declaration, at the March Term, 1880, REDFIELD, J., presiding.

Demurrer overruled, and judgment on new count in the declaration for the plaintiff, for his damages and costs.   Exceptions by the defendant.

### NEW DECLARATION.

And now comes the said Daniel Bacon, plaintiff in said cause, by leave of the court first had and obtained by his attorney, and for a further declaration in said cause, declares and says : that heretofore, to wit, on the 13th day of April, A. D. 1878, to wit, at Northfield, in said county of Washington, Laban F. Webster and Francis A Willey, both of Roxbury in said county, made and executed their certain order, in writing, and directed to the said defendants, in and by which said written order, the defendants, John Bannister and Joseph Bates, were requested and directed to pay to the plaintiff whatever sum might then be due and owing from said defendants to said Laban F. Webster and Francis A. Willey on settlement ; and the plaintiff avers that thereafter, to wit, on the 15th day of April, A. D. 1878, to wit, at Roxbury in said county of Washington, the said defendants, in consideration

---

* *Rising* v. *Cummings*, 47 Vt. 345; Chitty on Contracts, (6th Am. ed.) 613, n.; *Heaton* v. *Angier*, 7 N. H. 397; *Hall* v. *Marston*, 17 Mass. 575; *De Wolf* v. *Chapin*, 4 Pick. 59.

of said order in writing, then and there accepted the said order, by writing their names across the same, and then and there, delivered the same to the plaintiff, and then and there, promised and agreed to pay the plaintiff, on his demand, whatever sum or sums of money were then due and owing from the said defendants to said Webster and Willey. And the plaintiff avers, that there was then due from said defendants to the said Webster and Willey the sum of five hundred seventy-one and forty-four one-hundredth dollars (571.44), lawful money of the United States.

Yet the said defendants, not regarding their said promise, undertaking, and agreement, to pay the plaintiff, the said sum of money, so due and owing, from the defendants, though often requested, have not paid the plaintiff the said sum of money, or any part thereof, but have wholly neglected and refused to do so.

*James N. Johnson*, for plaintiff.

The declaration is good. It discloses an order, and an acceptance thereof, in writing, by the defendants, for a valuable consideration, and a direct promise by them to pay the debt in question to the plaintiff. The transaction amounted to an acceptance, under the *law merchant*, and created *at law* a novation of parties. The acceptance made Daniel Bacon the creditor, *at law*, of the defendants, and the action is well brought in his name. *Moar* v. *Wright*, 1 Vt. 57 ; *Bucklin* v. *Ward*, 7 Vt. 195 ; *Hodges* v. *Eastman*, 12 Vt. 358 ; *Goodnow* v. *Parsons*, 36 Vt. 46 ; *Wescott* v. *Potter*, 40 Vt. 271 ; *Smilie* v. *Stevens*, 41 Vt. 321.

*Frank Plumley*, for defendants.

This was a suit brought in assumpsit by the plaintiff to recover the amount due from the defendants, to Webster and Willey. The plaintiff claims to recover, by virtue of an order, drawn to said plaintiff, by said Webster and Willey on the defendants, and accepted by defendants. When said order was drawn, and when accepted by defendants, the sum then due said Webster and Willey from the defendants was unknown to either party. It was to pay the amount due when delivered to the plaintiffs.

This suit cannot be sustained in the plaintiff's name under the present form of declaration. This order is not a bill of exchange, and the mere acceptance does not entitle the plaintiff to sue in his

own name.  *Arnold* v. *Sprague*, 34 Vt. 402 ; *Downer* v. *Tucker*, 31 Vt. 204 ;  *Collins* v. *Lincoln*, 11 Vt. 268 ;  Story on Prom. Notes, 19–32 ;  9 Eng. C. L. 373 ; Chit. Bills, 132–139 ;  Byles on Bills, 6–10 ; 26 Eng. C. L. 193.

Novation is never presumed, and must be clearly established by a full discharge of the original debt.  *Parker* v. *Alexander*, 2 La. Ann. 188 ;  11 Ib. 687 ;  10 Ib. 728 ;  9 Ib. 228 ;  Parsons Cont. 217–233.

The opinion of the court was delivered by

Ross, J.   By the order Webster and Willey directed the defendants to pay whatever sum might be found due to them, on settlement, to the plaintiff.  The negotiability of this order, if by its terms it was negotiable, was restricted by the fact that it was for an uncertain, rather than a definite sum.    It was not, however, for that reason invalid, inasmuch as the sum to be paid thereunder, was capable of being made certain, by computation and settlement.   It was in the nature of a draft, by Webster and Willey on the defendants, in favor of the plaintiff, for such a sum as should be thus ascertained to be due from the defendants. It was a valid direction and authorization from Webster and Willey to the defendants to substitute the plaintiff as the payee of such sum, as should be found their due on settlement.   By receiving, and presenting the order for acceptance, the plaintiff consented and agreed to be substituted as such payee.   By accepting and promising to pay such order to the plaintiff, the defendants agreed to, and accepted the plaintiff, as their payee of such sum as should be found due from them to Webster and Willey, on settlement.   Thus the minds of the three parties met, and agreed to the substitution of the plaintiff as the payee, in the place and stead of Webster and Willey, in regard to such indebtedness ; and completed and perfected what, in law, is denominated a novation of the party, to whom such indebtedness was due and to be payed.   The promise, agreement, and undertaking of each party, was a sufficient consideration for the promise, agreement, and undertaking of every other party to such novation.   There is, therefore, no legal objection on the facts set forth in the dec-

laration, and admitted by the demurrer, to the plaintiff's right to maintain the action, and recover the sum found due from the defendants on the settlement of their deal with Webster and Willey. If the order by its terms was negotiable, which does not appear, the uncertainty in regard to the sum to be paid thereunder, restricted the negotiability thereof by the plaintiff, but did not affect his right to enforce the same against the defendants.

The judgment of the County Court is affirmed.