### CEABUSKE v. SMOLARZ.

1. NOVATION—ESSENTIAL REQUISITES.

In every novation there are four essential requisites: (1) A previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new one.[1]

2. SAME—QUESTION FOR JURY.

In a suit upon a promissory note, where defendants' claim that a novation had resulted and that they were released by plaintiff on the making of a new contract with third parties was controverted by plaintiff, the issue was properly submitted to the jury.[2]

Error to Wayne; Lajoie (Ernest P.), J. Submitted October 8, 1924. (Docket No. 32.) Decided December 10, 1924.

[1]Novation, 29 Cyc. p. 1130; [2]Id., 29 Cyc. p. 1140.

Assumpsit by Louis Ceabuske against Joseph Smolarz and another on a promissory note. Judgment for plaintiff. Defendants bring error. Affirmed.

*Mark Farrell,* for appellants.

*Edward D. Devine* and *James R. Thomas,* for appellee.

BIRD, J.    Plaintiff sold his retail grocery and meat stock and business, together with the tools and store fixtures, to defendants on a title retaining contract. For the balance of the purchase price plaintiff accepted defendants' note for $2,500. Defendants ran the business for a time and then sold it, with plaintiff's consent, to one Schadel. Schadel gave plaintiff his note for $2,500, and later gave a chattel mortgage on the stock to secure it, but plaintiff did not surrender defendants' note. Schadel was not successful. He was soon in bankruptcy. Failing to receive his pay from Schadel, plaintiff brought this action on the old note given by defendants.

Defendants resisted payment on the ground that a novation had taken place when the sale was made to Schadel, and that they were thereby released. Plaintiff denied that he had released defendants. The court submitted the question as to whether plaintiff had released defendants, and they found he had not, and awarded him a verdict for the amount of the note.

Defendants complain because the trial court refused to direct a verdict for them at the close of the proofs, their contention being that the proofs conclusively established the fact that a novation resulted from the agreement of the parties.

In every novation there are four essential requisites: (1) A previous valid obligation. (2) The agreement

of all the parties to the new contract. (3) The extinguishment of the old contract, and (4) The validity of the new one. 29 Cyc. p. 1130; *Gillett* v. *Ivory,* 173 Mich. 444.

The parties are in accord on the first and second requisites, but disagree as to the third. Defendants testify that they were released, or that plaintiff agreed to release them, when the new deal was made. Plaintiff testified in part, as follows:

"*Q.* At the time this chattel mortgage was given between you and Mr. Schadel, was there anything said at that time upon the releasing of Mr. Smolarz?

"*A.* Mr. Smolarz asked me if I would release him and I told him I could not release him until that note was paid up; until his note, what I got right there, was paid up, and he got his release, not any further. I said, 'I want to say if those parties does not pay up I hold you responsible, Mr. Smolarz.' 'All right,' he said, 'I know the party well and they will pay up,' and I said 'it is all right if they pay.' He said, 'Can I send over with the money; will you accept the money?' I said 'it makes no difference who brings the money, but I hold you responsible until the note is paid in full.' "

Plaintiff's testimony is corroborated by the testimony of his wife and son who were present when the new deal was consummated with Schadel.

It is certain that if the old debt from defendants to plaintiff was not extinguished a novation did not take place. Upon this question the parties are in sharp conflict. Which one of the parties was right was a question of fact and, therefore, a question for the jury.

Defendants' counsel insists that the case is ruled by *Gillett* v. *Ivory, supra.* In that case the court took the question of fact, whether the old debt was extinguished, out of the case by finding that the affidavit and conduct of Gillett estopped him from claiming that the old contract was not extinguished. There are no

such grounds of estoppel in the present case.    The conflict in the testimony justified the court in submitting the question to the jury.

The judgment is affirmed.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.