## TAPERT *v.* SCHULTZ.

VENDOR AND PURCHASER—VENDOR MAY NOT MAINTAIN ACTION
AGAINST VENDEE'S ASSIGNEE.

> Vendors may not maintain action at law against vendee's
> assignee for payments due under land contract, although as-
> signee agreed with vendee to perform contract; there being
> no privity of contract between assignee and vendors.

Error to Wayne; Merriam (DeWitt H.), J. Sub-
mitted June 19, 1930. (Docket No. 126, Calendar
No. 35,002.) Decided October 28, 1930.

Assumpsit by Robert T. Tapert and another
against Louis C. Schultz on a land contract. From
judgment for defendant, plaintiffs bring error.
Affirmed.

*Owen Rippey,* for plaintiffs.

*Emmons, Oren & Sleeper,* for defendant.

WIEST, C. J. Plaintiffs owned certain real estate,
and, on August 4, 1926, by land contract, they sold
the same to Henry Jerrett Brunk who obligated
himself and his assigns to make the payments stipu-
lated therein. Brunk made payments as they fell
due up until January 12, 1928, when he assigned the
contract to defendant Schultz, who agreed:

"That Louis C. Schultz, party of the second part,
assignee as above named, does hereby accept the
above assignment and transfer, and does hereby
covenant and agree to assume and fulfil all the con-
ditions and obligations therein contained on the part

of the said party of the second part therein to be fulfilled."

Thereafter defendant made several payments upon the contract and then was in default. This action at law was brought by the vendors against the assignee of the contract to recover payments in default. In the circuit court it was held that there was no privity of contract between the assignee of the vendee and the vendors and there could be no recovery at law.'

Plaintiffs invoke the rule frequently applied in equity foreclosure cases, and familiar to the profession, where the court has awarded a decree for deficiency against the purchaser from the mortgagor who assumed and agreed to pay the mortgage. While such liability has been enforced, it is peculiar to equity foreclosure proceedings, and is limited to a deficiency. Defendant agreed with the vendee to perform the contract, but not with the vendors to make the payments.

In *Anderson* v. *Thompson,* 225 Mich. 155, 158, it was said:

"The effect of a covenant by a grantee to pay an existing mortgage has been many times considered by this court. That he cannot be sued upon such a promise as for a debt due the mortgagee is well established. His personal liability can only be enforced for the deficiency arising on a foreclosure, in equity. *Corning* v. *Burton,* 102 Mich. 86, and note thereto, in which the earlier cases are collected."

The rule is too well established in this jurisdiction to justify the citation of additional cases.

The fact that the vendors accepted payments from the assignee of the vendee did not bring about privity of contract between plaintiffs and defendant. De-

fendant's promise was to the vendee and not to the vendors, and the vendors cannot bring an action at law upon the promise.

The judgment is affirmed, with costs to defendant.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred..