KEPPEN *v.* RICE.

1. VENDOR AND PURCHASER—ASSIGNMENTS—NOVATION—LIABILITY OF ASSIGNEE IN ACTION AT LAW.

   Where vendor consented in writing to vendee's assignment of contract, discharged original vendee from obligation, and accepted assignee as vendee, and assignee agreed to pay balance due on contract, complete novation of parties was created, and vendor is entitled to recover unpaid balance due on contract in action at law against assignee.

2. NOVATION—CONSENT OF ALL PARTIES NECESSARY.

   Consent of all parties to novation is necessary, but need not be expressed in writing; it being sufficient if it appears from facts and circumstances attending transaction.

3. SAME—MUTUAL AGREEMENT OF PARTIES—CONSIDERATION.

   Essential consideration for novation is furnished by mutual agreement of parties.

Appeal from Wayne; Moll (Lester S.), J. Submitted January 6, 1932. (Docket No. 57, Calendar No. 36,093.) Decided March 2, 1932.

Assumpsit by Annie Aben Keppen against Esther Rice for balance due on a land contract. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Frank G. Mixter,* for plaintiff.

*Morris Garvett* and *Milford Stern,* for defendant.

McDONALD, J. A summary judgment was entered in favor of the plaintiff in an action at law to recover the unpaid balance on a land contract. Defendant appealed.

The plaintiff is survivor of William Aben and Annie Aben, his wife, vendors in a land contract. Hyman D. Dorman was the vendee. He assigned to the defendant, Esther Rice. In the assignment she assumed and agreed to pay the unpaid balance. At the same time and in the same instrument, the plaintiff consented to the assignment and released Mr. Dorman from further liability on the purchase price. Defendant went into possession and made some payments on the contract. Subsequently she got in default and this suit was begun. After it was at issue, the plaintiff moved for a summary judgment, which the court granted. The defendant filed an affidavit of merits, in which the only defense is stated as follows:

"That this deponent (defendant) never signed any agreement to which the plaintiff was a party agreeing to pay the said plaintiff any sum of money whatsoever."

The issue presented is one of law. The defendant contends that there was no privity of contract be-

tween herself and the plaintiff; and that the question involved is ruled by *Tapert* v. *Schultz,* 252 Mich. 39. The cases are not alike in their facts. In the *Tapert Case* there was no discharge of the original debtor. The vendor was not a party to the agreement in which the vendee's assignee agreed to pay the balance due on the contract. He did not consent to accept the assignee as a substitute for the original debtor, and the assignee made him no promises. There was no privity of contract between them. In this case, the vendor was a party to the transaction between her vendee and the assignee. She consented in writing to the assignment and to the discharge of the original obligor. In this assignment the assignee agreed to pay the balance due on the contract. By accepting the assignment in those circumstances, the defendant became bound to the vendor to pay the debt according to the terms of the original contract. There was a mutual understanding among the three parties that the original obligor be discharged and defendant substituted in his place. By this agreement a complete novation of parties was created. *Harrington-Wiard Co.* v. *Blomstrom Manfg. Co.,* 166 Mich. 276.

Consent of all the parties to the novation is necessary, but need not be expressed in writing. It is sufficient if it appears from the facts and circumstances attending the transaction. *Harrington-Wiard Co.* v. *Blomstrom Manfg. Co., supra.*

Consideration for the novation is essential, but that is furnished by the mutual agreement of the parties.

In *Bacon* v. *Bates,* 53 Vt. 30, it was said:

"The promise, agreement, and undertaking of each party, was a sufficient consideration for the

promise, agreement, and undertaking of every other party to such novation."

Also, see 20 R. C. L. p. 367.

On the theory of novation, the judgment of the trial court is affirmed, with costs to the plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.