## SMITTER *v.* GEURKINK.

1. SALES—CONTRACTS—PRIVITY OF CONTRACT.

   Where debtor under conditional sale contract sold his interest therein, purchaser assumed and agreed to pay contract obligation, and creditor in writing consented to said sale, there was privity of contract between creditor and purchaser.

2. NOVATION—ACCEPTANCE OF NEW DEBTOR.

   Where debtor under conditional sale contract sold his interest therein and transmitted his obligation thereunder to his purchaser, who accepted same, and who in turn was accepted as debtor by creditor, original debtor was released; novation being effected by acts and operation of law.

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 10, 1933. (Docket No. 70, Calendar No. 36,947.) Decided March 1, 1933.

Assumpsit by Cornelia Smitter against J. Henry Geurkink for sums due under a conditional sale contract. Judgment for defendant. Plaintiff appeals. Affirmed.

*Dorr Kuizema,* for plaintiff.

*Linsey, Shivel & Phelps* and *John H. Vander Wal,* for defendant.

Wiest, J. Defendant, under a conditional sale contract, purchased the half interest of John Smitter in a book business. John Smitter died, and plaintiff, his widow, acquired his rights in the contract. Defendant sold his interest under the contract to Arthur Meyer, who assumed and agreed to pay the contract obligation. Later plaintiff consented to the sale and transfer of the contract to Mr. Meyer by execution of the following agreement:

"It is hereby understood and agreed between Mrs. Cornelia Smitter and Arthur Meyer, that said Mrs. Cornelia Smitter consents to the transferring of the contract between her and Mr. J. Henry Geurkink, to the said Arthur Meyer.

"Said balance of the contract being the amount of $2,757.04, the date of taking over said contract to be as of April 1, 1928, and the interest payments to be continued at the rate of 6½ per cent. per annum;

"And it is further understood and agreed that said Arthur Meyer does agree to take over the balance of said contract and to make the further payments to the said Mrs. Cornelia Smitter."

This brought privity of contract between plaintiff and Mr. Meyer. Did it bring about a novation to the discharge of defendant? Meyer made the payments for a time and then became a bankrupt. Thereupon plaintiff brought this suit against Geurkink for sums due under the conditional sale contract. The trial judge entered judgment for defendant. The sale by defendant to Meyer did not, of course, release defendant from his obligation to pay plaintiff. The assumption by Meyer of Geurkink's obligation and subsequent acceptance by plaintiff of Meyer as the debtor operated as a discharge of defendant. There was a novation by acts and operation of law. A novation may arise:

"Where the debt remains the same, but a new debtor is substituted for the old. This novation may be made without the intervention or privity of the old debtor (in this case the new agreement is called *ex promissio,* and the new debtor *ex promissor*), or by the debtor's transmission of his debt to another, who accepts the obligation, and is himself accepted by the creditor. This transaction is called *delegatio.*" Shumaker & Longsdorf, Cyclopedic Law Dictionary, subject Novation.

Consideration for the novation was furnished by the arrangement itself.

The judgment is affirmed, with costs to defendant.

MCDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.