FEDERAL LAND BANK OF ST. PAUL *v.* NOTHSTINE.

MORTGAGES—FORECLOSURE—GUARANTY—PARTIES—JUDGMENT FOR DEFICIENCY.

Where payment of farm loan was guaranteed by local association, and, on mortgagor's default, defendant entered into contract with guarantor to purchase farm and assume mortgage, mortgagee was not party to transaction, and, therefore, on defendant's default, mortgagee could not maintain action against him to recover difference between amount due on mortgage and price bid on foreclosure sale.

Appeal from Antrim; Gilbert (Parm C.), J. Submitted June 13, 1933. (Docket No. 104, Calendar No. 37,286.) Decided August 29, 1933.

Assumpsit by Federal Land Bank of St. Paul, a Minnesota corporation, against Samuel J. Nothstine, for balance due under alleged land contract. Directed verdict and judgment for plaintiff. Defendant appeals. Reversed.

*James F. Shepherd,* for plaintiff.

*H. E. Wellman,* for defendant.

FEAD, J. September 25, 1923, Ellen McElroy executed a real estate mortgage for $2,600 to plaintiff.

Payment of the loan was guaranteed by the local organization provided for in the Federal farm loan act, the Pleasant Valley National Farm Loan Association. Plaintiff and the association are different entities.

Three semi-annual instalments of the loan, for September, 1924, and March and September, 1925, became delinquent, and the mortgagor abandoned the farm. Under such circumstances, if no other means are available to avoid loss to itself on its guaranty, the local association tries to find a responsible purchaser to take the land and pay the mortgage. Accordingly, it approached defendant and negotiated a deal. On March 5, 1926, it delivered to defendant a quitclaim deed from Mrs. McElroy. In the letter of delivery it stated that if defendant accepted the deed and signed an agreement to assume the mortgage, his first assessment would be on March 25, 1926. As part of the transaction defendant executed an undertaking to assume the delinquent instalments and insurance, $295.50, and pay them to the association on or before January 1, 1927. He also executed the following instrument, upon which this suit is brought:

"Loan No. 30,020. Pleasant Valley N. F. L. A. agreement to assume mortgage.

"This is to certify that in consideration of the forbearance of the Federal Land Bank of St. Paul, a body corporate of the city of St. Paul, county of Ramsey, State of Minnesota, to declare a default and enforce the payment of all sums due and payable upon a certain mortgage executed and delivered to it by Ellen M. McElroy, widow, on the 25th day of September, 1923, and duly recorded in the office of the register of deeds in and for the county of Antrim, State of Michigan, in book 59 of mortgages on page 543–4, upon the conveyance to Samuel J. Nothstine, Mancelona, Antrim county, Michigan, of the prem-

ises upon which said mortgage constitutes a first lien, do hereby assume and agree to pay the same according to its tenor and that of the note accompanying it. The principal amount secured by this mortgage now is $2,587. It is further certified that the purchase price is $2,587 consisting of cash paid $———; second mortgage given for $—— hereby acknowledge his personal liability therefor and agree to be subject to all terms, conditions, covenants and agreements in the said mortgage and the Federal farm loan act, approved July 17, 1916, by the Congress of the United States of America. Date farm was purchased March 5, 1926.''

Later, defendant paid the delinquent amount, but the testimony does not show to whom, and also paid plaintiff the subsequent mortgage instalments until September, 1929. For failure to pay the principal of such instalment, $84.50, and interest, and insurance premium of $63.25, plaintiff declared the whole debt due and commenced foreclosure by advertisement January 10, 1931. At the sale on April 14th plaintiff bid in the property for $1,500. In September it commenced this suit at law on the above instrument to recover the difference between the amount due on the mortgage and the bid price and had directed verdict and judgment of $1,327.60.

The question is whether defendant's agreement to assume and pay the mortgage debt was made with plaintiff. If not, plaintiff could not recover at law on the agreement. *Tapert* v. *Schultz*, 252 Mich. 39.

Plaintiff's argument is that it must be held to be a party to the instrument because of the recital in the undertaking that defendant's promise was in consideration of plaintiff's forbearance, that plaintiff was the only party who could forbear, and it did forbear.

The argument overlooks certain facts and lack of evidence. There was no testimony that the associa-

tion acted for plaintiff in any respect, or that plaintiff had any part in the transaction in which defendant acquired the property, or that the instrument of assumption was to be delivered to plaintiff. The whole deal was conducted between defendant and the association. The latter was the moving party and acted in its own personal interest to save loss on its guaranty.

The record is wholly devoid of testimony that plaintiff, in fact, agreed to forbear enforcement of the mortgage for the delinquency. If any facts raise an inference that it did so agree, the inference is that it agreed with the association, guarantor of the debt. The inference arises, not only from the manner in which the deal was handled, but particularly from the fact that defendant agreed to pay the association, not the plaintiff, the delinquent amount. This would indicate that the association had assumed responsibility for the delinquency under such arrangement with plaintiff and in such a way that it had a right to bargain for it. If so, plaintiff had nothing to forbear, as to defendant, and the recital in the instrument did not furnish a consideration by plaintiff for defendant's promise to assume the mortgage.

The only agreement or promise of forbearance made known to defendant was that of the association, when, in the letter of delivery of the deed, it represented that the first assessment would be on March 25th. Upon the record as presented, it must be held that defendant's engagement to pay the mortgage was made with the association, not with plaintiff, and the latter cannot recover at law thereon.

Judgment reversed, without a new trial.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.