FENDER v. FEIGHNER.

1. Novation—Implication from Performance by Substitute.
   Novation may be implied from facts and circumstances attending transaction but performance by substitute is not sufficient to raise such implication.

2. Vendor and Purchaser—Acceptance of Payments from Assignee—Novation.
   Acceptance of payments under land contract by vendors from vendee's assignee does not create privity of contract between them so as to establish novation and thereby relieve vendee from liability upon default of his assignee.

Appeal from Barry; McPeek (Russell R.), J. Submitted November 16, 1933. (Docket No. 148, Calendar No. 37,197.) Decided December 19, 1933.

Assumpsit by Peter Fender and wife against Len W. Feighner for payment and interest due on a

land contract. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Rosslyn L. Sowers,* for plaintiffs.

*L. E. Barnett,* for defendant.

Sharpe, J. On September 18, 1920, plaintiffs sold a farm in Barry county to the defendant upon land contract. The purchase price was $7,000, of which $1,500 was then paid and the balance to be paid in annual instalments of $200 each, with interest on all sums unpaid at six per cent. per annum. On October 9th following, the defendant assigned the contract to Ernest V. Barker. On August 1, 1921, Barker assigned the contract to J. J. McVay. Copies of both assignments were sent to plaintiffs. It is admitted that after receiving these copies they consulted an attorney, and were advised that the defendant was not relieved from liability thereby.

Annual payments were made by McVay and accepted by the plaintiffs until September, 1931, when default occurred. This action is brought by the plaintiffs to recover from the defendant the amount of the payment and interest then due. On trial before the court without a jury, plaintiffs had judgment therefor in the sum of $410, from which the defendant, by leave of the court, has taken this appeal.

The record discloses that the plaintiffs gave McVay receipts in his name for the payments made by him, and made no demand on the defendant until after the default in 1931. It also appears that they at times extended leniency to him when payments were due. The defendant claims that they at one time agreed with McVay to accept the payment in October instead of September, and at another time

to accept a payment of interest only. While the testimony of McVay, and the dates of payment as evidenced by the receipts, may be said to support these claims, they were denied by the plaintiffs, and the court found that they were not established.

The defendant claims that the plaintiffs accepted McVay as their debtor, and that a novation was thereby established.

"In every novation there are four essential requisites: (1) A previous valid obligation. (2) The agreement of all the parties to the new contract. (3) The extinguishment of the old contract, and (4) The validity of the new one." *Ceabuske* v. *Smolarz,* 229 Mich. 100.

In *Epworth Assembly* v. *Railway Co.,* 236 Mich. 565, 572, it was said:

"While-it is true that the assent to and acceptance of the terms of novation may be implied from the facts and circumstances attending the transaction and the conduct of the parties thereafter, yet the performance by the substitute is not sufficient in itself to raise such implication.

" 'There must be consent by the creditor to take the new debtor as his sole security and to extinguish the claim against the former debtor. *Butterfield* v. *Hartshorn,* 7 N. H. 345 (26 Am. Dec. 741). Such consent is not to be implied merely from the performance of the contract by the substitute, for that might well consist with the continued liability of the original party, the substitute acting for that purpose in the capacity of agent for the original obligor.' *Illinois Car, etc., Co.* v. *Linstroth Wagon Co.,* 50 C. C. A. 504 (112 Fed. 737, 740)."

The acceptance of payments by the plaintiffs from McVay created no privity of contract between them, and they could not have maintained an action at law

against him on the contract. *Tapert* v. *Schultz,* 252 Mich. 39.

Had defendant desired to be relieved from his obligation, he should have secured a release in writing so providing.

The judgment is affirmed.

MCDONALD, C. J., and WEADOCK, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. POTTER, J., did not sit.