BIGELOW v. MacCRONE.

1. VENDOR AND PURCHASER—ACTION BY VENDOR AGAINST VENDEE'S
ASSIGNEE—PRIVITY OF CONTRACT.
   Vendor under land contract may not maintain action at law
   against vendee's assignee for payments due although assignee
   agreed with vendee to assume and pay the balance due; there
   being no privity of contract between them.

2. SAME—ACCEPTANCE OF PAYMENTS—NOVATION.
   Acceptance by vendor of payments from vendee's assignee does
   not bring about privity of contract between vendor and as-
   signee; mere consent to do so being insufficient to establish a
   novation.

3. SAME—RECOVERY OF DEFAULTED PAYMENTS FROM VENDEE.
   Vendor may recover payments due on land contract from vendee
   in action of assumpsit where there was no agreement by vendor
   to relieve vendee from liability and no consideration moved
   from vendee to vendor therefor as no such agreement will be
   · implied.

Appeal from Wayne; Doty (Frank L.), J., pre-
siding. Submitted April 5, 1934. (Docket No. 51,
Calendar No. 37,185.) Decided June 4, 1934.

Assumpsit by Catherine E. Bigelow against E. E.
MacCrone for instalments due on a land contract.
Judgment for plaintiff. Defendant appeals. Af-
firmed.

*Edgar C. Ashmead* (*David N. Harper*, of coun-
sel), for plaintiff.

*Albert C. Schmidt*, for defendant.

POTTER, J.  Plaintiff sued defendant in assumpsit to recover the amount due on a land contract by which plaintiff sold defendant, August 2, 1928, a farm in Lapeer county for $9,800, $2,400 of which was paid down and $7,400 of which was deferred. August 18, 1929, defendant assigned the contract to Carlton M. Higbie who assumed and agreed to pay the balance due thereon.  Shortly after the assignment of the contract, Higbie, by his attorneys, wrote plaintiff:

"Future payments upon this contract will be made to you by Mr. Higbie.

"Will you please acknowledge receipt of the copy of the assignment and if you have no objection thereto, indicate in your letter that you approve the assignment."

To which plaintiff replied:

"This is satisfactory with me so long as the terms of the contract are made promptly."

December 18, 1931, Higbie, by his agent, wrote plaintiff:

"He asks that principal payments be postponed for a period of two years and that he be permitted to make interest payments on the unpaid balance at the rate of six per cent. during that time as conditions and his circumstances will permit. He would arrange to keep the taxes paid, thereby protecting your interest in the property to that extent."

To which plaintiff, by her agent, replied:

"Mrs. Bigelow agrees to accept your proposition regarding payments, principal payments to be postponed for two years, interest to be paid and taxes kept up."

Higbie defaulted on the payments due on the contract.  Plaintiff then brought suit.  The defense

is based upon novation, the principles governing which have frequently received consideration by this court. *Piehl* v. *Piehl,* 138 Mich. 515; *Gillett* v. *Ivory,* 173 Mich. 444; *Ceabuske* v. *Smolarz,* 229 Mich. 100; *Epworth Assembly* v. *Railway Co.,* 236 Mich. 565; *Fender* v. *Feighner,* 265 Mich. 536. There was no privity of contract between plaintiff and Higbie. She could not maintain an action against him though he had agreed with MacCrone to assume and pay the balance due upon the contract. *Tapert* v. *Schultz,* 252 Mich. 39; *Kirker* v. *Larson,* 252 Mich. 136.

"The fact that the vendors accepted payments from the assignee of the vendee did not bring about privity of contract between plaintiffs and defendant." *Tapert* v. *Schultz, supra.*

That plaintiff consented to receive payments from Higbie in performance of the contract is not sufficient to constitute novation. *Fender* v. *Feighner, supra.* There was no agreement had whereby plaintiff agreed with defendant to relieve him from liability; no consideration moved from defendant to plaintiff for such release; there was no agreement with defendant, plaintiff was to rely solely upon the assignee of the contract for the payments due thereon, and such an agreement will not be implied. *Epworth Assembly* v. *Railway Co., supra; Fender* v. *Feighner, supra.* There was no novation. Plaintiff is entitled to recover.

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.