CHICAGO BOULEVARD LAND CO. *v.* NUTTEN.

1. NOVATION—PARTIES.

   Novation of parties is determined from consideration of all the facts and circumstances of a given case.

2. VENDOR AND PURCHASER—NOVATION—FINDING OF COURT—ESTOPPEL.

   In suit to foreclose land contract and for deficiency decree against original purchaser and assignee, finding of court that novation of parties had been effected and releasing him from liability is affirmed on appeal, where plaintiff had consented to the assignment for a valuable consideration, had replaced original purchaser's name on its ledger sheet with that of assignee and had failed to notify or try to collect from original purchaser for upwards of a year and a half after assignee's default, during which time assignee had lost his property.

3. NOVATION—CONSENT OF PARTIES—EVIDENCE.
    Consent of all parties to novation is necessary but need not be
        expressed in writing, it being inferable from attendant facts
        and circumstances.
    POTTER, FEAD, and WIEST, JJ., dissenting.

Appeal from Oakland; Covert (Frank L.), J. Submitted June 5, 1934. (Docket No. 20, Calendar No. 37,715.) Decided October 1, 1934.

Bill by Chicago Boulevard Land Company, a Michigan corporation, against Wesley L. Nutten, Highland Corporation, a Michigan corporation, and Bertram B. Haskins to foreclose a land contract and for a deficiency decree. From a deficiency decree against Highland Corporation and defendant Haskins only, plaintiff appeals. Affirmed.

*William Abramsohn,* for plaintiff.

*Herbert J. Newman* (*Clinton McGee,* of counsel), for defendant Nutten.

NORTH, J. In determining whether in a given case there has been novation of parties, all the facts and circumstances of that case are to be considered. *Fender* v. *Feighner,* 265 Mich. 536. There may not be a single act or transaction which in and of itself would disclose or establish novation; but from all the acts of the parties concerned it may appear that in fact and in law there has been a novation. In each case determination of this question should be based upon the particular facts therein disclosed. As bearing upon novation in the instant case the following facts are important and I think controlling.

In April, 1925, plaintiff's predecessor in title sold defendant Nutten on contract a vacant lot in the village of Royal Oak. The purchase price was

$6,000, $600 down payment, balance in monthly payments of $54 each. The contract payments were regularly met by Nutten until December, 1927, when he assigned his vendee's interest to the Highland Corporation. This corporation in turn assigned to defendant Bertram Haskins. Nutten promptly advised the plaintiff herein that he had transferred his vendee's interest to the Highland Corporation and that the vendee should look to the assignee for further payments. Later Nutten received two or three receipts for monthly payments which Haskins had evidently made to plaintiff. Thereupon Nutten again advised plaintiff of the transfer of his interest and requested plaintiff to send future receipts to Haskins. Plaintiff asked Nutten something about the assignment, indicating that plaintiff did not have the assignment. In this particular Nutten testified:

"I made some statement about getting the assignment and doing anything I could to get the matter in shape for them and to satisfy them."

Thereafter (July 26, 1928) plaintiff wrote defendant Nutten as follows:

"*Before Mr. Haskins can be recognized as a purchaser,* it will be necessary for us to have an assignment of the land contract together with the customary assignment fee of $5. Will you kindly furnish us with the same or advise us from whom it can be obtained."

Nutten then took the matter up with Haskins who stated that he would get together with the company "and meet the requirements." Thereafter for three and a half years nothing further was said to Nutten by plaintiff or its collecting agency, the James S. Holden Company, in regard to this contract. Nutten's assignee and the subsequent assignee assumed and

agreed to pay the contract. After Nutten's receipt of the letter from plaintiff setting forth the conditions upon which Haskins could "be recognized as purchaser" the parties got together and entered into a written agreement whereby plaintiff for a valid consideration consented to the assignments of the vendee's interest. The agreement contains the following:

"And the said Bertram B. Haskins in consideration of the premises, hereby assumes and agrees to carry out all parts of said contract. * * * And the said Chicago Boulevard Land Company, party of the first part in and to the above-described contract, in consideration of the undertakings above entered into by the assignee, hereby consents to the foregoing assignment."

Execution of this instrument gave plaintiff the right to proceed either at law or in equity to enforce the contract against Haskins. *Sloman* v. *Cutler,* 258 Mich. 372. This circumstance in connection with other facts disclosed herein is strongly indicative of plaintiff's acceptance of Nutten's assertion that he was no longer in the transaction; and there having been compliance with the conditions specified in plaintiff's letter of July 26, 1928, above quoted, that henceforth Haskins was to be "recognized as purchaser" under the assigned contract. It is somewhat significant that throughout the original contract itself Nutten is referred to as "purchaser." Plaintiff received the assignment fee of $5 and also the benefit of Haskins' assuming and agreeing to pay the contract. It seems of importance that plaintiff herein for a "consideration" subscribed and became a party to the assignment and thereupon struck Nutten's name from its ledger account pertaining to this contract and substituted therefor the

name of Nutten's assignee.  For many months con-
tract payments were made by the assignee and re-
ceived by the plaintiff; but notwithstanding contract
payments were continually in default after May,
1930, plaintiff gave no notice to Nutten or made any
claim against him until December, 1931.  At this
time past-due payments on principal and interest
approximated $700 in addition to unpaid taxes in
excess of $100.

"Consent of all the parties to novation is neces-
sary but need not be expressed in writing.  It is
sufficient if it appears from the facts and circum-
stances attending the transaction." *Keppen* v. *Rice,*
257 Mich. 299.

In *Smitter* v. *Geurkink,* 261 Mich. 697, it was held:

"Consideration for the novation was furnished by
the arrangement itself."

We quote and approve the following from the
opinion of the trial judge:

"The proofs show clearly that defendant Nutten
considered himself released from any obligations to
pay and so advised plaintiff.  The important ques-
tion is, as to whether or not plaintiff also considered
Nutten released from any liability?  As bearing
upon that question we have the contract (of assign-
ment) itself together with the fact that after the
execution of the assignment and the consent thereto
by plaintiff no notice was ever served upon defend-
ant Nutten of any demand made against him for
payment until after the lapse of many months.  It is
true as a matter of law plaintiff would be under no
obligation to notify him, but it would be very
strange that if plaintiff still considered him liable
in the face of repeated defaults by Haskins, it made
no attempt to collect from Nutten.  There is also
the further fact of the change of name in the ledger

account together with other facts and circumstances appearing in the testimony which leads to the reasonable conclusion that the plaintiff accepted defendant Haskins and the Highland Corporation as the purchasers under the contract and did not for a long period of time consider Nutten liable. * * *

"I am satisfied from the proofs in the case that there was a novation consented to by all parties and the defendant Nutten was entirely released by plaintiff from any liability."

While the trial judge did not plant decision upon that ground, it might also be noted that defendant Nutten sets forth in his answer that in consequence of plaintiff allowing Haskins to become badly in default without any notice thereof to Nutten "this defendant is released from any obligation under the terms of said contract." While not very specific evidently this injected into the case an element of estoppel which defendant Nutten asserted as a bar to defendant's right to equitable relief. In this connection defendant Nutten testified:

"If they had notified me, I could have protected myself in time and I think they ought to have done it under the circumstances in view of the letter they wrote me and the impressions they had given me. I could have protected myself because Mr. Haskins was at that time, at the time of that default, he was in good financial condition and he lost his money, as I understand it, later."

Without holding that the testimony just quoted is sufficient to have established an estoppel, it clearly has a material bearing upon Nutten's claim of novation; and we think affords another equitable reason for sustaining the determination of the circuit judge.

Under all the circumstances disclosed by this record we find the trial judge was fully justified in

holding that there had been a novation of parties and his decree to that effect is affirmed. Costs of this court to appellee.

NELSON SHARPE, C. J., and BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with NORTH, J.

POTTER, J. (*dissenting*). Plaintiff filed a bill to foreclose a land contract and for decree for deficiency against defendant Wesley L. Nutten. From a decree denying plaintiff a deficiency decree against defendant Nutten, plaintiff appeals. April 3, 1925, Jacob Singer and Goldie Singer his wife agreed to sell on land contract to Wesley L. Nutten for $6,000 lands in Oakland county mentioned and described in the land contract here involved. By mesne conveyances plaintiff acquired the Singers' interest and Nutten assigned his contract interest in the premises to the defendant Highland Corporation. On foreclosure plaintiff asked for decree for deficiency against Nutten and the court denied such decree upon the ground there had been a novation.

"It is a well-established rule that the necessary legal elements to establish novation are: (1) Parties capable of contracting; (2) a valid prior obligation to be displaced; (3) the consent of all parties to the substitution, based upon sufficient consideration; and (4) lastly, the extinction of the old obligation and the creation of a valid new one. All of these elements must be established by the evidence; not necessarily by direct evidence, but by evidence of such facts and circumstances as logically lead one to the conclusion that a new contract has been made." *Harrington-Wiard Co.* v. *Blomstrom Manfg. Co.,* 166 Mich. 276, 286.

The agreement for a novation need not be in writing but there must be a substitution of one debtor for another or the substitution of a new obligation

for an old one which is thereby extinguished. *Husted* v. *Pogue,* 249 Mich. 410. The fact the assignment of the land contract by Nutten to the Highland Corporation was consented to by plaintiff does not constitute a novation: *Foley* v. *Dwyer,* 122 Mich. 587, and the acceptance of payments by plaintiff from the assignee of the land contract, the Highland Corporation, does not operate to discharge the vendee from his liability under the contract. *Steinberg* v. *Fine,* 225 Mich. 281. There must have been an agreement between all the parties whereby plaintiff released the purchaser from liability under the land contract and agreed to take the assignee of such land contract as his debtor in place of the original vendee under the land contract who agreed to pay the purchase price for the premises. *Fender* v. *Feighner,* 265 Mich. 536. There must have been a release of the original debtor, the vendee under the land contract, and the substitution of a new debtor in the place thereof. *Epworth Assembly* v. *Railway Co.,* 236 Mich. 565. In this case plaintiff could not have maintained a suit at law against defendant Highland Corporation. *Tapert* v. *Schultz,* 252 Mich. 39; *Fender* v. *Feighner, supra.* We think under the circumstances the proof insufficient to show there was any release from liability of defendant Nutten by plaintiff or any agreement upon the part of plaintiff to look solely to the Highland Corporation for payment and satisfaction of the contract. The decree of the trial court should be reversed, with costs, and decree should be entered for plaintiff.

FEAD and WIEST, JJ., concurred with POTTER, J.