GORMAN *v.* BUTZEL.

1. VENDOR AND PURCHASER—ASSIGNMENT—ASSUMPTION BY ASSIGNEE.
   Execution of assignment of land contract by assignee assuming and agreeing to pay balance of contract price constituted a written and formal promise to pay vendor according to terms of the contract.

2. NOVATION—VENDOR AND PURCHASER—VENDOR'S INDORSEMENT OF ASSIGNMENT—INTENT—EVIDENCE.
   If vendor's indorsement of assignment of land contract wherein assignee assumed and agreed to pay balance owing, which indorsement was not explained in the assignment, was intended as complete novation of assignee for vendee, legal novation occurred without express agreement with vendee and whether it was so intended may be gathered from surrounding and subsequent circumstances and conduct.

3. SAME—INTENT—SUBSEQUENT DEALINGS.
   That vendor's signature on vendee's assignment of land contract in which the assignee assumed and agreed to pay balance stated as due therein was intended as a complete novation *held,* evidenced by subsequent dealings between vendor, assignee and latter's assignees with reference to the property inconsistent with the original contract and without reference to the original vendee.

4. VENDOR AND PURCHASER—ASSIGNMENT—INTERESTS CONVEYED.
   By assignment of a land contract the vendor conveys to assignee a present interest in the lands, together with right to obtain further interest and final title on performance of the contract.

5. SAME—PRIVITY CREATED BETWEEN VENDOR AND ASSIGNEE.
   Assignment of a land contract creates only privity of estate, not privity of contract, between vendor and an assignee.

6. SAME—ASSIGNMENT AS MODIFICATION OF LAND CONTRACT.
   Assignment of a land contract authorizes vendor and assignee to contract with each other in no way except in fulfilment of original contract of purchase as modified by terms of assignment as to person to take title on performance.

7. NOVATION—VENDOR AND PURCHASER—ALTERATION OF RELATIONS BETWEEN VENDOR, VENDEE AND ASSIGNEE.

Contract between vendor and vendee's assignees with relation to premises in a manner inconsistent with the original contract which changes rights of vendee against vendor or assignee on their obligations to each other or to the vendee constitutes a novation of parties to the purchase by means of novation of contract.

8. SAME—RELEASE OF VENDEE FROM LIABILITY FOR DEFICIENCY.

Contract between vendor, vendee's assignee and parties holding premises under latter, to which vendee was not a party and under which vendor agreed to convey title to part of premises upon payment of an agreed sum *held*, to release vendee from liability for deficiency on foreclosure of original contract by novation since contract for conveyance of part of premises was inconsistent with original land contract and indicated intent on part of vendor and assignee to expel vendee from the transaction.

9. VENDOR AND PURCHASER—ASSIGNMENT—RELEASE OF VENDEE-SURETY.

Vendee under land contract, who assigns his interest to one assuming and agreeing to pay balance due renders assignee primarily liable therefor and vendee becomes assignee's surety so that any material change in the contract releases the vendee-surety.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 5, 1935. (Docket No. 29, Calendar No. 38,398.) Decided September 9, 1935.

Bill by Tryon W. Gorman and wife against Leo M. Butzel, Equitable Trust Company, as administrator *de bonus non* with will annexed of the estate of Milton Freud, Ester Freud, Helen G. Fry, Frank H. Eddy and wife, Lewis E. Aldrich and wife and the United States to foreclose a land contract, for a deficiency decree and to remove a tax lien. Orders *pro confesso* as to defendants Fry, Aldrich and Eddy. From decree for plaintiffs against all defendants except defendant Butzel, plaintiffs appeal. Affirmed.

*Edward Bryant,* for plaintiffs.

*Pelton & McGee,* for defendant Butzel.

FEAD, J. This is a bill for foreclosure of a land contract. The sole question is whether the court erred in refusing deficiency decree against defendant Butzel.

November 6, 1924, plaintiffs sold premises to Leo M. Butzel on land contract, the last installment being payable May 6, 1933.

May 26, 1925, Mr. Butzel assigned the contract to Milton Freud by written assignment, in which the assignee assumed and agreed to pay the balance owing. The assignment was executed by Butzel, Freud and plaintiff Gorman. The testimony contained no explanation of Gorman's signature to the assignment except that the instrument was sent to his office after being executed by the others.

Later, Freud and wife executed a land contract to the whole premises to Helen G. Fry, and the latter, on June 22, 1926, sold part of the premises, called parcels 14 and 15, to F. H. and Isabel Eddy on contract, final payment to be due June 22, 1931. March 6, 1929, the Eddys assigned their contract interest to Lewis E. Aldrich and wife, the latter assuming and agreeing to pay the balance.

On September 30, 1931, an agreement was executed by plaintiffs, the Freuds, Fry and Aldriches, in which it was provided that Aldrich should make payments on his contract with Fry directly to Gorman, whereupon Gorman should credit Freud, Freud credit Fry, and Fry credit Aldrich on their respective contracts. It also provided that when Aldrich should pay his contract in full, Gorman would deed parcels 14 and 15 to Freud, Freud would convey to Fry and Fry to Aldrich. It also contained the agree-

ment between Fry and Aldrich that the time of payment of the Aldrich contract should be extended five years. Butzel was not a party to the contract. His name was not mentioned in it nor did he have notice of its execution.

In several places the agreement recognized the original contract as then subsisting between plaintiffs and Freuds, illustrative excerpts being:

"And it is further agreed that payments by the fourth parties (Aldriches) to the first parties (Gormans) shall not release the second parties (Freuds) and third party (Fry) from their obligation with each other and with the first parties (Gormans) to pay the balance of the amounts falling due on their respective contracts," etc.,

—and when the Aldriches should perform their contract for the purchase of parcels 14 and 15—

"Then the said first parties (Gormans) shall and will immediately convey said premises by warranty deed to the second parties (Freuds) in accordance with the terms of the contract between the first (Gormans) and second parties (Freuds) and that the second parties (Freuds) shall immediately convey said premises by warranty deed to the third party (Fry)," etc. Page 14 of Exhibits.

After the assignment to him, Mr. Freud made payments to May, 1931, but none thereafter. Under the contract of September 30, 1931, Aldrich made 14 payments directly to Gorman. From the time of the assignment by Butzel in May, 1925, plaintiffs had no communication with him until December 3, 1932, when they notified him of default in payments and that they would look to him for the unpaid balance. Before commencing this suit they tendered Butzel a warranty deed of the premises.

The original contract provided that no assignment or conveyance by the purchaser "shall create any liability whatsoever against the seller" until a duplicate of the assignment is delivered to the vendor and receipt therefor indorsed thereon.

Freud's execution of the assignment constituted a written and formal promise to pay the purchase price, *i. e.,* to pay the vendor according to the terms of the contract. Gorman's execution of the assignment, being unexplained, may have been meant either as an indorsed acknowledgment of receipt of the assignment; or it may have been intended to create privity of contract between Gorman and Freud on the latter's promise to pay the contract balance, without releasing Butzel; or as a complete novation of Freud for Butzel as contract vendee. If the latter was intended, a legal novation occurred even without express agreement with Butzel. *Smitter* v. *Geurkink,* 261 Mich. 697. The question rests in the intention of the parties as it may be gathered from the surrounding and subsequent circumstances and conduct. *Chicago Boulevard Land Co.* v. *Nutten,* 268 Mich. 541; *Epworth Assembly* v. *Railway Co.,* 236 Mich. 565.

The intention to cause a novation is quite persuasively shown by the language in the agreement of 1931, which ignores Butzel and treats the contract as between Gorman and Freud; and the further fact that Gorman gave no indication of claim or recognized right or liability in Butzel in connection with the premises for a period of over seven years. But the most convincing evidence is the fact that Gorman and Freud, without reference to Butzel, contracted for a disposition of the premises in a manner inconsistent with the original contract upon which Butzel's obligation to pay must rest.

Plaintiffs deny the latter fact as evidence of novation. They vigorously urge that by assignment the vendee conveys all his interest in the premises to his assignee, has no further right, lien or concern as to them or their disposition, the assignee and vendor may contract with reference to them but the vendee remains liable on his covenant to pay the purchase price. The argument is novel, no cases having been found in which it has been suggested, and is ingeniously presented. But it disregards the nature and effect of the assignment and relationship of the parties.

By an assignment the vendee conveys to the assignee his present interest in the lands, together with the right to obtain further interest and final title on performance of the contract. It has been said the assignee acquires "an equitable right of purchase subject to any equities existing between the original parties to it." *Clark* v. *Bussard,* 220 Mich. 304, 309. The assignment creates only privity of estate, not privity of contract, between the vendor and assignee. 66 C. J. p. 1070. It authorizes the vendor and assignee to contract with each other in no way except in fulfilment of the original contract to purchase, as modified by the terms of the assignment as to the person to take title on performance. When a vendor seeks to enforce the covenant of the vendee to pay the purchase price, he must rely upon the original contract and be ready, willing and able to perform it according to its terms. If the vendor and assignee contract with relation to the premises in a manner inconsistent with the original contract and change the rights of the vendee against the vendor or assignee or their obligations to each other or to the vendee, it is a novation of parties to the purchase by means of a novation of contract. *Bigelow* v. *Mac-Crone,* 267 Mich. 217, is not to the contrary because

the agreement to extend time of payment in that case was gratuitous and did not result in privity of contract between the vendor and assignee.

The agreement of September, 1931, not only recognized the purchase as existing between Gorman and Freud by its language but they obligated themselves to a conveyance of part of the premises, which would render impossible conveyance by the vendor in accordance with the terms of the original contract. The four-party contract is still in force and if at this time Aldrich should pay plaintiffs the balance on his contract with Fry, he would be entitled to conveyance of title of part of the premises by a chain originating with Gorman. If, then, Butzel should pay Gorman the balance of the original purchase price, Gorman could not convey the title which the contract requires him to grant. It would be difficult, in the absence of a most explicit and direct contract, to imagine circumstances more clearly indicating an intention by vendor and assignee to expel the vendee from the transaction and continue it as between themselves.

Moreover, the equitable situation is that the assignee becomes primarily liable for the purchase price and the vendee is his surety. *Barnard* v. *Huff,* 252 Mich. 258 (77 A. L. R. 259). It is familiar law that the obligee and principal cannot materially change the contract of suretyship without releasing the surety.

Affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. BUTZEL, J., did not sit.