## SMITH v. EBERT.

1. VENDOR AND PURCHASER—ASSIGNMENTS—PRIVITY OF CONTRACT—NOVATION.

   There is no privity of contract between vendor's assignees and purchaser's assignee who did not assume and agree to pay contract unless there is a novation.

2. SAME—ASSIGNMENTS—NOVATION—MODIFICATION—SIGNATURES.

   Unsigned or uninitialed variation of land contract reducing monthly payments and for which no consideration was given *held*, insufficient to support vendor's assignees' claim of novation in their action of assumpsit against purchaser's assignee for payments on a land contract, especially where plaintiffs testified they had released no one from the contract.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 17, 1935. (Docket No. 108, Calendar No. 38,438.) Decided January 7, 1936.

Assumpsit by Anthony J. Smith and wife against Edmund L. Ebert for instalments due on a land contract. Judgment for plaintiffs. Defendant appeals. Reversed without a new trial.

*Wood & Jacquemain,* for plaintiffs.

*Jorgensen & Alexander,* for defendant.

North, C. J.  Plaintiffs as grantees and assignees held title to a parcel of land and the vendors' interest in a land contract under which defendant as assignee held the vendee's interest.  After continuing for approximately six years to make the contract payments to plaintiffs the defendant defaulted; and thereupon plaintiffs brought this suit at law to recover the unpaid monthly instalments. The defense urged was that plaintiffs were not entitled to recover in the action at law because there was no privity of contract between the parties nor was there novation.  From judgment for plaintiffs the defendant has appealed.

The assignment of the vendors' interest to plaintiffs was prior to the assignment of the vendee's interest to defendant.  Plaintiffs had no knowledge of the assignment to defendant until after the transaction was consummated, as between the defendant and his assignors.  The contract provided that the vendee's interest could not be assigned without the consent of the vendors being first indorsed in writing on each of the duplicate copies.  There was no such indorsement.  The assignment of the vendee's interest to defendant did not provide that he assumed or agreed to perform the contract obligation of the vendees.  However, shortly subsequent to his taking the assignment of the vendee's interest, defendant delivered to plaintiffs what was supposed to be a duplicate of the assignment to him, and this supposed duplicate did contain in the usual form a provision that the assignee of the vendee "hereby assumes and agrees to perform and carry out all parts" of the vendee's contract obligation.  Regard-

less which of the two assignments governs, there was no privity of contract between plaintiffs and defendant, unless there was novation. *Tapert* v. *Schultz*, 252 Mich. 39.

Decision herein turns upon whether there was novation. As bearing upon this phase of the case plaintiffs claim that shortly after defendant became the assignee of the vendee's interest he told Mr. Smith "that he (defendant) had assumed the contract, * * * and he said, now you ought to be satisfied * * * because you are sure of your money." Defendant emphatically denies that he made these statements. Plaintiffs also stress the fact' that approximately five years after defendant took the assignment of the vendee's interest he induced plaintiffs to reduce the minimum monthly payments from $75 to $50, and that there was then written into the contract the following:

"When balance is paid down to $4,900 payments to be reduced to $50 or more monthly including interest."

Under the circumstances appellees contend the instant case is controlled by *Copeman* v. *Takken*, 262 Mich. 674, and that the judgment entered in the circuit court should be affirmed. We think this contention is not well founded.

Unlike the *Copeman Case,* here the modification of the terms of the original contract was not signed or even initialed by either of the parties; nor was there any consideration therefor arising from valid mutual promises or otherwise. Plaintiffs have brought this suit at law on a contract which does not bear defendant's signature nor does either of the assignments of the contract bear his signature. Aside from this, as bearing upon the issue of nova-

tion, Mr. Smith, who in these transactions appears to have acted for both parties plaintiff, testified:

"I never executed a release to anybody on this contract. * * * I never made any new contract at any time since I came down to Mr. Ebert's office, and received the assignment."

Under the facts as testified to by Mr. Smith there could have been no novation. *Harrington-Wiard Co.* v. *Blomstrom Manfg. Co.,* 166 Mich. 276. See, also, *Epworth Assembly* v. *Railway Co.,* 236 Mich. 565; *Husted* v. *Pogue,* 249 Mich. 410. Plaintiffs having failed to establish novation, they cannot recover in this action at law. Judgment reversed without new trial. Costs of both courts to appellant.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.