GEORGE REALTY CO. *v.* GULF REFINING CO.

1. Novation—Elements—Evidence.
    Elements necessary to establish novation of a contract are: Parties capable of contracting, valid prior obligation to be displaced, consent of all parties to substitution based on sufficient consideration, extinction of old obligation and creation of a new one, which elements must be established by direct evidence or by evidence of such facts and circumstances as logically lead to conclusion that a new contract has been made.

2. Same—Implied.
    Novation need not be in writing or expressed but may be implied from facts and circumstances.

3. Landlord and Tenant—Assignment—Privity of Contract.

To create privity of contract between lessor and assignee of lessee there must be mutual agreement between lessor, lessee and lessee's assignee.

4. Same — Rent — Assignments — Corporations — Consideration—Privity of Contract.

Agreement, made in another State, between lessee's assignee and foreign corporation having same directors and officers as lessee, whereby assignee agreed to perform all leases which it accepted from such foreign corporation *held*, not to establish privity of contract between landlord and such assignee so as to allow recovery for rent after assignee has assigned lease to another party, since it is not to be assumed that lessee and foreign corporation are the same company in the absence of evidence showing who were stockholders in either corporation, not all of the assets of lessee were transferred to assignee and consideration was cash rather than shares of stock.

5. Same—Rent—Covenant Running With Land.

Covenant to pay rent under a lease runs with the land, is ordinarily performable in State where land lies and governed by law of that State unless lease provides otherwise.

6. Contracts—Conflict of Laws—Place of Performance.

When contract, made in one State, is to be performed elsewhere, law of place of performance determines validity, nature, obligation, and effect of the contract.

7. Landlord and Tenant — Assignment — Rent—Privity of Contract—Privity of Estate.

Mere payment of rent under lease by lessee's assignee does not establish promise to lessor to assume obligation under lease to do so, hence reassignment by such assignee terminated privity of estate and all further liability of assignee under lease for rent.

Appeal from Wayne; Moll (Lester 'S.), J. Submitted January 21, 1936. (Docket No. 105, Calendar No. 38,781.) Decided April 7, 1936. Rehearing denied June 16, 1936.

Assumpsit by George Realty Company, a Michigan corporation, against Gulf Refining Company,

a Delaware corporation, lessee's assignee, for rent alleged to be due under a lease. Judgment for defendant. Plaintiff appeals. Affirmed.

*Sydney Rubenstein* (*Joseph B. Beckenstein,* of counsel), for plaintiff.

*Harrison T. Watson* (*Frank W. Atkinson,* of counsel), for defendant.

EDWARD M. SHARPE, J. This is an action to recover rent claimed to be due under a lease upon a gasoline station in the city of Detroit. Under the date of February 16, 1929, the George Realty Company leased certain property to Cadillac Petroleum Corporation for a term of 15 years for a total rental of $48,000, payable $250 per month during the first five years and $275 per month for the balance of the term. This lease contained no restrictions against assignment and "the covenants, conditions and agreements made and entered into by the parties hereto are declared binding on their respective heirs, representatives and assigns."

In June, 1929, the Cadillac Petroleum Corporation assigned its interest in the lease to the Paragon Refining Company of Michigan which assumed the obligations of the lease and entered into possession of the premises and at the same time plaintiff released the Cadillac Petroleum Corporation from any further liability under the lease and accepted the Paragon Refining Company of Michigan as its tenant instead, which company operated the gasoline station until September, 1930, when it assigned its lease to the Gulf Refining Company, a Delaware corporation and defendant herein. This company operated the station until August 23, 1934, when it

assigned its lease to one Robert McCausland who accepted the assignment and went into possession of the property and upon his failure to pay rent for the property plaintiff began suit against the defendant, Gulf Refining Company.

It also appears from the record that in May, 1930, there was a proposal made by the Union Trust Company of Pittsburgh to the directors of the Paragon Refining Company of Ohio to purchase for its nominee or nominees certain assets of Paragon Refining Company of Ohio and certain other corporations for the sum of $10,000,000. The corporations named are the following: Paragon Refining Company, an Ohio corporation; Paragon Refining Company of Michigan, a Michigan corporation; Wayco Oil Corporation, a Michigan corporation; Wayco Land Company, a Michigan corporation; Wayco Fuel Oil Company, a Michigan corporation; Paragon Oil Company, a Kansas corporation; Paragon Development Corporation, an Ohio corporation licensed to do business in Kentucky. The offer of purchase contained the following clause:

"(d) Generally, as respects other contracts of seller in effect at the time of the transfers and conveyances herein contemplated, including contracts for supplying jobbers and/or retail dealers in oil products, and contracts for installation of pumps and appurtenances for the vending of seller's products, and leases of premises for service-stations or otherwise to afford outlet for seller's products, contracts for purchasing crude and/or refined oils from others, contracts for the transportation of crude oil for seller as shipper, construction contracts, and contracts of whatsoever kind or character whether similar to those mentioned or not, our nominee or nominees shall have the option, either (1) to take

over any one, or more, or all, of said contracts and assume seller's position therein, or else, (2) to decline to take over any one, or more, or all, of said contracts, and leave said contracts for seller's disposition."

This offer was accepted by the directors of the Paragon Refining Company, an Ohio corporation, at a meeting held May 28, 1930, at Cincinnati and ratified by the stockholders of the Paragon Refining Company, an Ohio corporation, at a special meeting held June 24, 1930, in Cincinnati.

Defendant, Gulf Refining Company, was incorporated in Delaware June 24, 1930, and on July 3, 1930, was admitted to do business in the State of Michigan. On August 29, 1930, the sale and transfer of the assets of the Paragon Refining Company of Michigan to the Gulf Refining Company was completed. The transfer of assets by assignment of contracts and execution of a bill of sale conveyed all property of the Paragon Refining Company of Michigan except corporate stock, cash, accounts and notes receivable, miscellaneous receivables and sinking fund. Also in connection with this transfer of assets an agreement was entered into between the Paragon Refining Company, an Ohio corporation, and the defendant herein whereby the defendant covenants and agrees that it will fully and completely perform from and after September 1, 1930, all leases and agreements the assignments of which it has or will accept from the Paragon Refining Company, an Ohio corporation.

It is contended on behalf of plaintiff that the assignment of the lease from the Paragon Refining Company of Michigan to the Gulf Refining Company accompanied by an assumption thereof by defendant renders it directly liable to plaintiff for the balance

of the term; that the legal effect of the documents executed, assignments taken, coupled with occupation of the premises and the payment of rent directly to plaintiff after such occupation of premises constitutes novation; that defendant is estopped to deny that a novation was accomplished; that defendant, a foreign corporation, having purchased and taken over the entire business of the Paragon Refining Company of Michigan became directly liable to plaintiff under the rule in this State; that defendant's liability to plaintiff became fixed under the law of Ohio, the purchase and agreement of assumption by defendant having taken place in that State; that under the law of Ohio plaintiff as a third party beneficiary was in privity to, and could therefore sue upon, the contract of assumption.

It is the contention of defendant that the transaction between the Paragon Refining Company of Michigan and the Gulf Refining Company resulted in privity of estate between the parties and not privity of contract and that the liability of defendant continued only so long as defendant occupied the premises in question and that the liability ceased as soon as the Gulf Refining Company assigned its contract to McCausland.

The trial court found in favor of defendant, and held that the covenants of agreements of assumption should be construed according to the law of Michigan and that plaintiff could not enforce them because of lack of privity of contract and failed to find novation.

In the case of *Harrington-Wiard Co.* v. *Blomstrom Manfg. Co.,* 166 Mich. 276, 286, we said:

"It is a well established rule that the necessary legal elements to establish novation are: (1) Parties capable of contracting; (2) a valid prior obligation

to be displaced; (3) the consent of all parties to the substitution based upon sufficient consideration; and (4) lastly, the extinction of the old obligation and the creation of a valid new one. All of these elements must be established by the evidence; not necessarily by direct evidence, but by evidence of such facts and circumstances as logically lead one to the conclusion that a new contract has been made."

Novation need not be in writing or expressed but may be implied from facts and circumstances.

"It is a well-settled principle that the assent to, and acceptance of, the terms of a novation need not be shown by express words to that effect, but the same may be implied from the facts and circumstances attending the transaction and the conduct of the parties thereafter." 46 C. J. p. 580.

See, also, *Gillett* v. *Ivory,* 173 Mich. 444; *Keppen* v. *Rice,* 257 Mich. 299; *Frank G. Van Dyke & Co.* v. *A. J. Stuart Land Co.,* 245 Mich. 119; *Mulgrew* v. *Cocharen,* 96 Mich. 422; *Chicago Boulevard Land Co.* v. *Nutten,* 268 Mich. 541.

Plaintiff claims that defendant not only consented to assume the debts of the Paragon Refining Company of Michigan, but actually substituted itself as the debtor and that the following facts and circumstances conclusively show this condition:

a. The original offer by the Union Trust Company of Pittsburgh to take over outstanding contracts of the Paragon Refining Company of Michigan and assume seller's position;

b. The sale and transfer of the assets of the Paragon Refining Company of Michigan to defendant;

c. Discontinuance of business of Paragon Refining Company, an Ohio corporation, and Paragon Refining Company of Michigan after sale to Gulf Refining Company;

d. Release by plaintiff of Paragon Refining Company from further liability under the lease by the acceptance of defendant as its tenant thereafter;

e. Defendant's entry into possession and payment of rent for four years thereafter;

f. Recognition of such relationship by defendant company in certain correspondence.

In order to create privity of contract in the case at bar there must have been a mutual agreement by the plaintiff, defendant, and Paragon Refining Company of Michigan, and to establish this agreement plaintiff relied upon the agreement made September 1, 1930, between Paragon Refining Company, an Ohio corporation, and defendant wherein it provided, "Gulf Refining Company covenants and agrees that it will fully and completely perform from and after September 1, 1930, all leases and agreements and assignments of which it has or will accept from The Paragon Refining Company." We do not think this *clause* in the agreement establishes plaintiff's theory as plaintiff company was not a party to it, moreover, the agreement was made between the defendant company and the Paragon Refining Company of Ohio, while the lease in question was assigned to defendant company by the Paragon Refining Company of Michigan. We may not assume that the Paragon Refining Company of Michigan and the Paragon Refining Company, an Ohio corporation, are one and the same company. It apparently is a fact that the officers and directors of the two companies are identical but the record is barren of any evidence showing who the stockholders were in either corporation.

Plaintiff contends that the rule laid down in *Morlock* v. *Mount Forest Fur Farms of America, Inc.,* 269 Mich. 549, is controlling here. That case is dis-

tinguishable from the case at bar, there the transfer included all the assets of the seller, and the payment for the assets was made in stock, moreover, in that case the buyer specifically agreed to assume all contracts and liabilities of the seller, while in the case at bar, all of the assets of the Paragon Refining Company of Michigan were not included in the transfer, the consideration was cash rather than shares of stock. We are impressed with the testimony of Mr. Ives, who acted as the attorney for Paragon Refining Company of Michigan in the consummation of the deal, when he testified that defendant company did not purchase all of the assets of the Paragon Refining Company of Michigan. We have examined *People, ex rel. Attorney General,* v. *Michigan Bell Telephone Co.,* 246 Mich. 198 (P. U. R. 1929 B, 455, P. U. R. 1929 E, 27) ; *Old Ben Coal Co.* v. *Universal Coal Co.,* 248 Mich. 486 ; *In re Culhane's Estate,* 269 Mich. 68, cited by plaintiff in its brief. In our opinion these cases are not controlling and can be readily distinguished from the case at bar.

We think the instant case is governed by *Tapert* v. *Schultz,* 252 Mich. 39, where we held that vendors may not maintain an action at law against vendee's assignee for payments due under a land contract, even though the assignee agreed with the vendee to perform the terms of the contract, as there was no privity of contract between the assignee and vendors.

Plaintiff further contends that, the sale of the assets and the assignment of the lease being executed in Ohio, the contract is an Ohio contract and should be interpreted under the laws of that State; and that privity of contract has been established. We are of the opinion that the covenant sought to be established is a covenant to pay rent. The action

instituted in this cause is for the collection of rent alleged to be due and such covenants as are here sought to be established are real covenants and run with the land. *Buhl Land Co.* v. *Franklin Co.,* 258 Mich. 377. We think the covenant here under consideration was intended to be performed in Michigan. The performance of such contracts is to be governed by the law of the place where they are to be performed unless otherwise indicated in the contract.

"It is even more generally stated when the contract is to be performed at a place other than the place where it is made that the law of the place where the contract is to be performed will determine the validity, nature, obligation and effect of the contract, or in other words, in case of conflict the *lex solutionis* will prevail over the *lex loci contractus.*" 5 R. C. L. p. 936.

We fail to find from our examination of the record where the defendant has promised the plaintiff that it would perform under the lease. Mere payment of rent does not establish such a promise to perform and we agree with the trial court that the evidence does not show that the defendant corporation assumed the obligations of the Paragon Refining Company of Michigan under the lease and that the assignment by defendant corporation to McCausland terminated its privity of estate and all further liability for rent under the lease.

Judgment affirmed, with costs to defendant.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Potter, and Toy, JJ., concurred.