GEORGE REALTY CO. *v.* GULF REFINING CO.

1. Judgment—Res Judicata—Action at Law—Equity.
   Material issues of equity suit which were litigated on the merits in a previous action at law are *res judicata.*

2. Same—Landlord and Tenant—Assumption of Liability for Rent.
   In suit in equity in which liability for rent under a lease of realty was sought to be imposed on defendant on a third party beneficiary contract theory, finding of court in a previous action at law in determining matter of novation that defendant had not assumed liability under the lease *held, res judicata* as to matter of assumption in present suit.

3. APPEAL AND ERROR—REMAND FOR DETERMINATION OF QUESTIONS
PRESENTED BUT NOT PASSED UPON.

Order dismissing bill of complaint is set aside and cause re-
manded where trial court is affirmed on its decision not to hold
defendant liable for rent under a lease of a gasoline station on
plaintiff's claim under a third party beneficiary contract
theory but trial court made no determination as to question
of compliance with the bulk sales act or whether the transfer
to defendant was in fraud of creditors, matters upon which
plaintiff was entitled to have trial court pass (2 Comp. Laws
1929, § 9545 *et seq.*).

Appeal from Wayne; Richter (Theodore J.), J.
Submitted January 18, 1938. (Docket No. 109, Cal-
endar No. 39,859.) Decided April 4, 1938.

Bill by George Realty Company, a Michigan cor-
poration, against Gulf Refining Company, a Dela-
ware corporation, and others to enforce certain cove-
nants of assumption, for injunction and other relief.
Decree for defendants. Plaintiff appeals. Reversed
and remanded for further proceedings.

*Joseph B. Beckenstein (John Sklar,* of counsel),
for plaintiff.

*Harrison T. Watson (Frank W. Atkinson,* of coun-
sel), for defendant Gulf Refining Company.

BUSHNELL, J. Plaintiff, George Realty Company,
a Michigan corporation, filed this bill in equity to
recover rent claimed to be due it from defendant
Gulf Refining Company, a Delaware corporation,
under a certain lease of a gasoline station in the city
of Detroit. Plaintiff had previously sued to recover
on the same claim in an action at law in assumpsit,
on the theory that defendant Gulf was liable con-
tractually under the lease as a result of a novation,

whereby it (defendant Gulf) was substituted as lessee in place of defendant Paragon Refining Company of Michigan, plaintiff's original lessee's assignee. This latter claim was rejected by the trial judge, Moll, J., whose judgment was affirmed on appeal in *George Realty Co.* v. *Gulf Refining Co.,* 275 Mich. 442.

In the present suit, plaintiff seeks to recover on a third party beneficiary contract theory, and also claims that the transfer of the assets of Paragon of Ohio and its subsidiaries, including Paragon of Michigan, to Gulf (which transaction is more fully described in *George Realty Co.* v. *Gulf Refining Co.,* *supra*), was not in conformity with the bulk sales act, 2 Comp. Laws 1929, § 9545 *et seq.* (Stat. Ann. § 19.361 *et seq.*), and was in fraud of creditors and "voidable at the instance of this plaintiff."

Defendant Gulf filed an answer denying material allegations of plaintiff's bill of complaint and included in its answer a motion to dismiss on two grounds: (1) that the bill upon its face showed that plaintiff was not entitled to equitable relief, and (2) that the final judgment in the law action was *res judicata* of the issues presented by the bill of complaint.

The trial judge, Richter, J., granted the motion and dismissed plaintiff's bill on the ground that the previous disposition of the case at law was *res judicata* as to, and barred, plaintiff's claim of a third party beneficiary contract. However, the opinion of the trial judge is silent as to plaintiff's averments of violation of the bulk sales act and a fraud on creditors. Plaintiff appeals.

We consider first the question of *res judicata*. It is plaintiff's contention that the first case decided merely that there was no novation or privity of con-

tract upon which plaintiff could recover at law, that is, that there was no direct promise from defendant Gulf to plaintiff George Realty Company which could support such an action; that this decision is not conclusive of the present suit in which plaintiff does not claim as promisee but as third party beneficiary of the contract between Gulf and Paragon of Ohio, in which defendant Gulf, it is claimed, assumed the liability of the lease in question; that plaintiff could not have recovered at law on this latter theory at the time the first suit was brought and is not precluded from bringing this present suit in equity.

It may be, as plaintiff claims, that the judgment at law, on the merits, against the plaintiff suing on the novation theory does not *per se* bar a suit in equity for the same claim on a third party beneficiary theory.   However, material issues in the present equity suit which were litigated on the merits in the law action are *res judicata* and, if those issues were decided adversely to plaintiff, this suit in equity is barred.   Freeman on Judgments (1st Ed.), § 249; *Parkyn* v. *Ford,* 206 Mich. 576, and *Tessler* v. *Rothman,* 232 Mich. 62.

Examination of the record and briefs in the law case reveals that it was plaintiff's position there that a novation was effected, if not as a result of a direct promise by Gulf to plaintiff, then at least as a result of an assumption by defendant Gulf in the ''master agreement'' (to which plaintiff was not a party) of the liability of the lease, to which assumption plaintiff consented, releasing Paragon of Michigan from further liability.   Judge Moll held that there was no novation because, among other reasons of fact, there was no such assumption as was contended for by plaintiff.   The assumption clause in the ''master agreement,'' it was held, did not include the lease in

question as an obligation of Paragon of Michigan, and since there was no showing of corporate identity between Paragon of Michigan and Paragon of Ohio (to which latter corporation Gulf's offer of purchase had been directed), the lease could not be considered as an obligation of Paragon of Ohio. The trial court said, in the law action:

"Defendant corporation made no promise to Paragon Refining Company of Michigan, but only to Paragon Refining Company of Ohio in regard to all the leases assigned ostensibly by it. There was no agreement or understanding between the defendant and Paragon of Michigan except through the intermediary of the Paragon of Ohio which, in my opinion previously expressed, is a separate corporation. And certainly there was no understanding between defendant and plaintiff based on consideration that is discernible."

Plaintiff in its brief in the first case recognized that the court had found as stated above:

"The court below found in favor of the defendant. The court held that the covenants of the agreements of assumption should be construed according to the law of Michigan, not the law of Ohio; and that plaintiff could not enforce them because of lack of privity; refused to find novation; *and held moreover, that the agreements of assumption should be construed as including only the leases in the name of the parent company, and as excluding the leases which stood in the name of the Paragon Refining Company of Michigan.*"

The trial court having found in the first case, in determining the issue of novation, that there was no assumption, this finding is *res judicata* that there is no assumption here upon which to predicate recov-

ery by plaintiff as a third party beneficiary.  *Tessler* v. *Rothman, supra.*

Judge Moll's finding was not reversed on appeal in *George Realty Co.* v. *Gulf Refining Co., supra,* as plaintiff, in effect, contends.  Our discussion on the questions of conflict of laws, third party beneficiary contract at law, and our reference to "the covenants of agreements of assumption" did not, contrary to plaintiff's argument, import a finding that the liability of the lease in question had been assumed by defendant Gulf.

Other questions raised by appellant have been considered but, in view of our determination of the controlling issue in this appeal, they are not discussed.

Although plaintiff's claim, based on third party beneficiary contract, is barred, there was no determination by Judge Richter of the alleged violations of the bulk sales act and the claim that the transfer was in fraud of creditors.  Plaintiff was entitled to have these matters adjudicated by the trial court and for this reason the order dismissing the bill of complaint must be set aside and vacated and the cause remanded for further proceedings not inconsistent with this opinion.  It is so ordered, with costs to appellant.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.