LITTSHIRE CLOTHES, INC., *v.* DETROIT HUB CLOTHES, INC.

BRAMSON & WALPAW *v.* SAME.

1. NOVATION—NEW DEBTOR—CONSIDERATION.

Where a new debtor is substituted by way of novation for the original debtor, there is a sufficient consideration for the new debtor's bill or note as for his own debt.

2. COMPOSITION WITH CREDITORS—VALIDITY OF ADDITIONAL SECURITY —NOTICE TO OTHER CREDITORS.

Where there is, in effect, a composition with creditors, then every bill, note or other security given to an individual creditor for a larger amount than the composition deed purported to secure gives to such creditor additional security which, if made without the knowledge of the other creditors, would be inoperative and void.

3. ACCORD AND SATISFACTION—CREDITOR'S ACCEPTANCE OF OBLIGATION OF THIRD PERSON—EFFECT.

The acceptance by a creditor of the note of a third person, in satisfaction of an existing debt, is an extinguishment of such original indebtedness, and constitutes a good accord and satisfaction thereof, whether the note be given for the full amount, or for a lesser sum or a greater one.

4. BILLS AND NOTES—ACCORD AND SATISFACTION—NEW NOTES—CONSIDERATION.

Notes given by new obligor after there was an accord and satisfaction as additional payment on old obligor's notes in order to obtain shipment of new merchandise for which payment was otherwise provided for and to obtain postponement of notes given under accord if necessary were without consideration where notes given under accord were presented for payment and no additional merchandise was shipped as agreed; hence no recovery on new notes may be had.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 7, 1940. (Docket Nos. 52, 53, Calendar Nos. 40,909, 40,910). Decided October 7, 1940.

---

Compositions and accord and satisfaction, see 1 Restatement, Contracts, § 84 (d); 2 Restatement, Contracts, §§ 417–421; novation, see 2 Restatement, Contracts, §§ 424–428.

Separate actions in assumpsit by Littshire Clothes, Inc., a New York corporation, and Nathan Bramson and Oscar Walpaw, doing business as Bramson & Walpaw, against Detroit Hub Clothes, Inc., a Michigan corporation, for sums due on promissory notes. Cases consolidated for trial and appeal. Judgments for plaintiffs. Defendants appeal. Reversed.

*Maurice Dreifuss,* for plaintiffs.

*Field, Lovejoy & Kaplan* (*Benjamin W. Grant,* of counsel), for defendant.

POTTER, J. Harry Sheyer was engaged in the clothing business in the city of Detroit, doing business as Detroit Hub Clothes. He became financially involved and held a meeting with his creditors in New York where the parties agreed upon the basis of a settlement under the terms of which Sheyer turned over his clothing business to a corporation organized with his wife, his sister, and his brother-in-law as stockholders. Sheyer had 403 overcoats, 107 topcoats and 1,141 suits of clothes, which cost approximately $19,000 and which the testimony indicates were presently worth from $10,000 to $15,-000. The settlement was made by Sheyer turning the merchandise over without consideration to the corporation and the corporation giving its notes for 35 per cent. of the amount due its creditors. The consideration for the notes was the delivery of $10,-000 to $15,000 worth of property by Sheyer to the corporation and the assumption by the corporation of 35 per cent. of the amount of claims of creditors. The bulk sales law was complied with.

Under the terms of the settlement, defendant corporation paid plaintiffs 10 per cent. in cash and the balance by four notes, one of 10 per cent. due Novem-

ber 30, 1937, and the remaining three notes for 5 per cent. each due at a later date. November 12, 1937, the defendant corporation, by Julius Lansky, wrote plaintiffs:

"At the time that the settlement was effected in New York, it was the consensus of opinion that the corporation would be in a position to pay an additional 10 per cent. to creditors at the end of November. However, due to our large overhead and the lack of business, it appears that the corporation will not be in a position to meet the 10 per cent. payment in full on November 30th, and consequently it is necessary that an additional extension of time be given to the corporation for the November 30th payment.

"Furthermore, it is necessary for the company to obtain additional merchandise. Even with the settlement agreement, we are not in a good financial condition because we lack cash and consequently it is necessary for us to arrange for the purchase of additional merchandise on credit. We realize that you, as one of the largest creditors, have suffered a large loss by way of this settlement. We therefore are willing to make this concession to you, that if you will agree to waive the November 30th payment, if the company is not in a position to pay it and you also will agree to ship additional merchandise to the corporation from time to time as will appear to be reasonable, the corporation will agree to pay you one half of said note on December 31st, and the balance on January 31st, and in consideration therefore, agrees to execute additional notes to you amounting to 5 per cent. of your claim against Harry Sheyer, payable February 28th, 10 per cent. May 31st, and 10 per cent. June 30th;"

and plaintiffs replied:

"We do hereby agree to waive the November 31st [30th?] payment and also agree to ship you additional merchandise from time to time as will appear

reasonable in consideration of the foregoing terms and conditions.''

Notes were given by the defendant corporation in accordance with this letter. Each note stated it was issued in accordance with the terms of the letter of November 12, 1937. Plaintiffs placed the notes due November 30, 1937, in the bank for collection and they were paid by defendant. Defendant claims it borrowed $2,600 on a chattel mortgage in order to meet the payment of these notes. After November 12, 1937, no merchandise was received by defendant from plaintiffs, although it is claimed the defendant entered into a conditional sales contract with plaintiffs Bramson & Walpaw. Each plaintiff brought suit upon the three notes due February 28, May 31, and June 30, 1938. Defendant pleaded lack of consideration.

There can be no question that as to the original notes, they were based upon a sufficient consideration. Where a new debtor is substituted by way of novation for the original debtor, there is a sufficient consideration for the new debtor's bill or note as for his own debt. 8 C. J. p. 221. If there was in effect a composition with creditors, then every bill, note or other security given to an individual creditor for a larger amount than the composition deed purported to secure gave to the plaintiffs additional security, and if made without the knowledge of the other creditors, would be inoperative and void. 1 Edwards on Bills & Notes (2d Ed.), p. 327. On the other hand, the acceptance by a creditor of the note of a third person, in satisfaction of an existing debt, is an extinguishment of such original indebtedness, and constitutes a good accord and satisfaction thereof, whether the note be given for the full amount, or for a lesser sum or a greater one. 1 C. J. S. p. 494. The consideration for the notes given November 12

and 13, 1937, the notes upon which plaintiffs are suing, was the shipment of additional merchandise as from time to time would appear reasonable. Plaintiffs did not waive the payment of the notes of November 30, 1937, but sent it on for payment. They did not ship the merchandise to defendant although defendant testified that merchandise was requested. The testimony indicates the notes sued upon were given as an additional payment upon Sheyer's original indebtedness, after the arrangement was made by which the corporation, which consisted of Bessie Sheyer, wife of Harry Sheyer, Mrs. Sapwa, his sister, and Julius Lansky, his brother-in-law, agreed to pay 35 per cent. of Sheyer's indebtedness. Defendant's letter of November 12, 1937, said:

"We, * * * are willing to make this concession to you, that if you will agree to waive the November 30th payment, if the company is not in a position to pay it."

The notes of November 30, 1937, were sent forward for payment in pursuance of the arrangement that they would be paid if the company was in a position to pay them.

The original notes given in settlement by the corporation were based upon a valuable consideration. If additional merchandise was to be shipped, it undoubtedly would be shipped in such a way that defendant would be required to pay for that. The notes given upon which suit was brought were given without consideration, and after there was an accord and satisfaction. Plaintiffs may not recover.

Judgment reversed, with costs.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.