NATIONAL PREMIUM BUDGET PLAN CORPORATION v SIEGEL
AGENCY, INC

1. INSURANCE—PRINCIPAL AND AGENT—VIOLATION OF STATUTE.

The fact that it is a violation of the insurance code for a solicitor to represent itself as an agent of an insurance company does not exempt the insurance company from liability to a finance company for the acts of that solicitor where the insurance company or its agent represented that the solicitor was its agent by signing and returning to the finance company acknowledgement forms listing the solicitor as agent and expressly providing that unless otherwise advised the finance company would assume that the listing of the agent was correct (MCLA 500.1436).

2. PRINCIPAL AND AGENT—ACKNOWLEDGEMENT—AUTHORITY OF AGENT.

It is immaterial, for purposes of determining liability, in which capacity a person signs an acknowledgement form where that person is president of an insurance company and an officer of the corporate agent of the insurance company, where the agency relationship is established and it is not contended that the agent exceeded its authority in processing the acknowledgement forms.

3. NOVATION—ESTABLISHMENT—ELEMENTS.

The elements necessary to establish a novation are: (1) parties capable of contracting, (2) a valid prior obligation to be displaced, (3) the consent of all parties to the substitution based upon sufficient consideration, and (4) the extinction of the old obligation and the creation of a valid new one; absence of proof of the latter two elements will prevent a novation from being established.

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 June 8, 1972, at Detroit. (Docket No. 12018.) Decided September 27, 1972.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 43 Am Jur 2d, Insurance § 204.
[3] 58 Am Jur 2d, Novation §§ 4, 10.

Complaint by National Premium Budget Plan Corporation against Siegel Agency, Inc., Davis-Grant Agency, and Cadillac Mutual Insurance Company for collection of certain unearned premiums on automobile insurance policies that were cancelled. Benjamin Davis, Frankie L. Davis, Ulysses S. Grant, and Dolores F. Grant were joined as third-party defendants. Judgment for plaintiff against Davis-Grant Agency and Cadillac Mutual Insurance Company only. Defendant Cadillac Mutual Insurance Company appeals. Affirmed.

*Dingell, Hylton & Zemmol,* for plaintiff.

*Sugar, Schwartz, Silver, Schwartz & Tyler* (by *A. Albert Sugar* and *Hayim I. Gross),* for defendants.

Before: J. H. Gillis, P. J., and McGregor and Borradaile,* JJ.

Borradaile, J. Plaintiff, a financing company, filed suit against the defendants to collect certain unearned premiums on automobile insurance policies that were cancelled. Siegel Agency Inc. filed a third-party complaint and brought in the Davises and the Grants as third-party defendants. After a five day non-jury trial, the court held in favor of plaintiff in the sum of $15,771.16 plus interest, and against the Davis-Grant Agency and the Cadillac Mutual Insurance Company. The court found no cause of action as to the Siegel Agency and the third-party defendants.

Cadillac Mutual Insurance Company appeals the decision in plaintiff's favor maintaining that the Davis-Grant Agency was not an agent of the insurance company, and that even if it was, a novation between plaintiff and the Davis-Grant Agency pre-

---

* Probate judge, sitting on the Court of Appeals by assignment.

cludes any liability on the part of the insurance company.

The findings of fact in the trial court's opinion are summarized as follows. During the relevant period of time, Cadillac Mutual Insurance Company was a licensed insurance carrier in Michigan and Siegel Agency Inc. was its licensed general agent. Davis-Grant Agency Inc. was not a licensed agent of Cadillac Mutual Insurance Company, but it was engaged in the business of selling insurance policies and did sell the relevant policies which were issued by Cadillac Mutual. On all of those occasions, Davis-Grant helped the purchasers, the insureds, to obtain financing of the insurance premiums from the plaintiff.

The court found that National Premium Budget Plan Corporation was in the business of supplying financing for prospective insureds. In all instances pertinent to the case, plaintiff, upon receipt from the Davis-Grant Agency of an application from a prospective insured, sent documents entitled "Notice of Premium Financed" and "Company Acknowledgement of Financing" to Cadillac Mutual Insurance Company. Unless a duplicate of such acknowledgement was returned to the plaintiff no premium money was supplied prospective insureds. Without exception a duplicate copy of the acknowledgement form was returned to the plaintiff over the stamped signature of Daniel C. Siegel.

Mr. Siegel was President of Cadillac Mutual Insurance Company and an officer of the Siegel Agency. Both companies did business at the same address. The court found that the Siegel Agency was not only a licensed general agent of Cadillac Mutual but also a common-law agent with respect to all transactions in this case. The court found that all paperwork regarding the acknowledge-

ment of financing was done under the supervision of Daniel C. Siegel and that Mr. Siegel was fully aware of the significance of permitting his signature to be stamped on the acknowledgement form.

The notice form sent by the plaintiff states:

### "NOTICE OF PREMIUM FINANCED

"National has been requested to budget the policy described herein under a Premium Installment Contract. This contract pledges the unearned premiums and losses payable under the policy, when such losses deplete the unearned premium, to satisfy the balance due National. We have accepted the request and have so advised the insured.

"The Premium Installment Contract appoints this Company or the holder thereof irrevocably attorney-in-fact to act for the assured as long as any sum remains due to National to: Pay the premium balance to the Insurance Company or its agent listed herein; Cancel and surrender the policy; Collect all unearned premiums or the amount of any loss payable under said policy, to the extent necessary to effect cancellation and collect unearned premiums; Sign, execute and deliver any document, notice or receipt necessary or proper to effect any of the foregoing powers.

"Please advise us within 10 days from the date of notice set forth above:

"1. If the policy as issued differs in any way from the description herein;

"2. If the policy is an audit or reporting form policy on which the deposit premium, in your opinion, is *not* equivalent to the estimated premium to be earned for the full policy term; and

"3. If the agent or broker listed herein is not your agent or broker;

"4. If you desire the premium to be paid to you rather than to the agent or broker listed herein.

"If we do not hear from you within 10 days from the date of notice set forth above, we will assume that the policy description listed herein is correct, that the deposit premium (if this is an audit or reporting form

policy) is, in your opinion, equivalent to the estimated premium to be earned for the full policy term and that you desire us to make remittance direct to the agent or broker, listed herein, as an agent of your company.

"Enclosed find an 'Acknowledgment of Financing' form with a self-addressed, stamped envelope for your convenience."

The acknowledgement form states:

"COMPANY ACKNOWLEDGEMENT OF FINANCING

"TO: NATIONAL PREMIUM BUDGET PLAN CORPO-RATION

"We acknowledge receipt of your 'Notice of premium financed' to our company showing that you are financing the above listed policy/s/. The policy is correctly described and in full force and effect. We authorize you to pay the agent or broker listed above as our agent unless otherwise advised. In the event of cancellation, it is understood that the return or unearned premium is payable to your company."

Both notice and acknowledgement forms have the date and account number, the policy number, term, premium, and effective date. Both forms also give the insured's name, and list Cadillac Mutual Insurance Company as the insuring company and the Davis-Grant Agency as the "Agent's Name".

The trial court found that when Mr. Siegel returned over 160 such acknowledgement forms Cadillac Mutual had cloaked Davis-Grant with the apparent authority to act for it in (a) the issuance of policies to prospective insureds, and (b) the receipt of premium payments from plaintiff.

The trial court then concluded that this agency based on apparent authority together with the acknowledgement forms and issuance of policies gave rise to contractual obligations like those in *State Investment Co v Cimarron Insurance Co,* 183

Kan 190; 326 P2d 299 (1958), which were a sufficient basis for recovery.

The trial court also concluded that there was another basis for liability, namely, the assignment by the insureds to plaintiff of the insureds' rights to unearned premiums, citing *Spilka v South America Managers, Inc,* 54 NJ 452; 255 A2d 755 (1969). The court found these assignments on the back of the budget request forms which state in part:

"In consideration of the premiums to be advanced by National, the named Insured:

\* \* \*

"2. Assigns to National as security for the total amount payable hereunder any and all return premiums which may become payable under the policies listed in the schedule, and loss payments under said policies which reduce the unearned premiums (subject however to any mortgagee or loss payee interest) up to an amount equal to the unpaid balance due under this agreement."

On appeal it is conceded that the Davis-Grant Agency was correctly held liable. However, it is argued that the Davis-Grant Agency was an insurance producer or solicitor for the Siegel Agency and that it could not have been the agent of Cadillac Mutual because by statute a solicitor is not permitted to hold itself out as an agent for a carrier. MCLA 500.1436; MSA 24.11436.

The trial court considered such possible statutory violation to be irrelevant to the disposition of this case. We agree. The fact that it is a violation of the insurance code for a solicitor to represent itself as an agent of an insurance company is not controlling in this instance. Cadillac Mutual or its agent, Siegel Agency, represented that Davis-Grant was its agent by stamping the acknowledge-

ment forms and returning them. It cannot now avoid liability based on a possible licensing violation by Davis-Grant.

Cadillac Mutual also tries to avoid liability by contending that Mr. Siegel's signature was affixed to the acknowledgement form in his capacity as an officer of Siegel Agency and not as president of Cadillac Mutual. Like the trial court, we find it immaterial in which capacity Mr. Siegel permitted use of his signature since Siegel Agency was the agent of Cadillac Mutual and it is not contended that Siegel Agency exceeded its authority in processing the acknowledgement forms.

Cadillac Mutual also argues that there was a novation between the plaintiff and the Davis-Grant Agency when Davis-Grant agreed to pay the plaintiff $1000 weekly until the debt was retired.

The elements necessary to establish novation are: (1) parties capable of contracting, (2) a valid prior obligation to be displaced, (3) the consent of all parties to the substitution based upon sufficient consideration, and (4) the extinction of the old obligation and the creation of a valid new one. *George Realty Co v Gulf Refining Co,* 275 Mich 442 (1936). The absence of any proof of elements (3) and (4) defeats the novation argument.

Affirmed, costs to the plaintiff.

All concurred.