**BRB PRINTING, INC., a Michigan corporation, and Ben C. Maibach III, Plaintiffs,**

v.

**Vernon G. BUCHANAN, Defendant.**

**Civ. A. No. 93–75204.**

United States District Court, E.D. Michigan, Southern Division.

Aug. 2, 1995.

Thomas W.B. Porter & Joseph K. Erhardt, Dykema Gossett, Detroit, MI, for plaintiffs.

Lawrence J. Schloss, Mt. Clemens, MI, David L. Steinberg, Bloomfield Hills, MI, co-counsel, for defendant.

## *OPINION GRANTING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW*

FEIKENS, District Judge.

### I. *Introduction*

Plaintiffs BRB Printing, Inc. (BRB) and Ben C. Maibach III (Maibach), chief execu-

tive officer and principal owner of BRB, filed this case on December 15, 1993. Plaintiffs alleged that defendant Vernon G. Buchanan (Buchanan), former chief executive officer of American Speedy Printing Centers Inc. (American Speedy), a printing and photo-copying service, entered into an oral contract with Maibach through which Maibach invested in American Speedy's master franchise program. Participation in the master franchise program gave Maibach master franchisee responsibility for all American Speedy franchises within a defined geographic region.[1] At issue was whether Buchanan made such an agreement, the alleged subject of which was a personal buy-back promise. Defendant responded to the complaint by filing a motion to dismiss based on the statute of frauds, novation, release and the parol evidence rule.

I informed the parties that the motion would be treated as a motion for summary judgment and I denied it on March 6, 1995. The primary reason the summary judgment motion was denied was the ambiguity of the fact situation. Caution mandated that I refuse to grant summary judgment as a matter of law when the facts were unclear.

This caution was especially applicable to defendant's novation argument. Due to the paucity of facts in the summary judgment such an inquiry was difficult and defendant's counsel did not adequately demonstrate that Maibach intended to novate the prior oral agreement with Buchanan. I did not rule out a novation, however. Instead, I stated that "some facts may weigh in favor of plaintiffs when analyzing this issue and raise issues which make summary judgment inappropriate." *BRB Printing, Inc. v. Buchanan,* 878 F.Supp. 1049, 1053 (E.D.Mich.1995).

Once the summary judgment motion was denied the case proceeded to trial. The trial was bifurcated and the parties were required to submit evidence only on the existence and content of the oral contract. Two purposes were served by the trial:

---

1. Additional facts pertaining to these parties are fully recited in this court's March 6, 1995, opinion denying defendant's motion for summary judgment. *See, BRB Printing, Inc. v. Buchanan,* 878 F.Supp. 1049 (E.D.Mich.1995).

(1) What was the evidence in regard to the alleged oral contract, and

(2) If such an oral contract was entered into by the parties, was a subsequent agreement entered into when Buchanan caused American Speedy to repurchase the plaintiffs' franchise, but refused to personally guarantee its performance, a novation of the oral contract?

On June 13, 1995, a jury returned a verdict for plaintiffs. The jury found that Maibach and Buchanan had entered into an oral contract. In response to the jury's verdict, defendant submitted an oral motion for judgment as a matter of law under Federal Rule of Civil Procedure (Fed.R.Civ.Pro.) 50(b) on June 15, 1995. I grant this motion because after a full trial, with testimony and exhibits, my conclusion is that defendant's oral contract with plaintiff Maibach was novated.

## II. *Facts*

Upon review of the trial testimony, and exhibits submitted at the trial, the following constitute the relevant facts for purposes of this motion: On March 28, 1988, American Speedy and plaintiff BRB entered into a Master Franchise Agreement for purchase of the Mid–Atlantic Region Master Franchise (Master Franchise). On the same date American Speedy and BRB signed an addendum that obligated American Speedy to re-market the Master Franchise if BRB was dissatisfied after eighteen months (Addendum). At or near the same time Buchanan orally promised Maibach, as further inducement to purchase the Master Franchise, that if Maibach was dissatisfied with the Master Franchise at any time, Buchanan would take him out of the Master Franchise and make him whole. This the jury found was so.

On December 21, 1989, Maibach informed Buchanan that he wished to discontinue his involvement with the Master Franchise. Shortly thereafter, Buchanan, representing American Speedy, Maibach and BRB entered into negotiations which addressed Maibach's desire to sell the Master Franchise and recoup his losses. According to trial testimony, on April 6, 1990, as the parties were close to a settlement, Maibach pressed Buchanan for a personal guarantee on the terms of the proposed settlement. Buchanan refused to accede to this request. (Plaintiff's exhibit 6). Despite this refusal Maibach accepted the terms of the proposed settlement or "buy-back" agreement on May 1, 1990 (Agreement). In the Agreement, American Speedy agreed to assume greater obligations than those it agreed to in the Master Franchise agreement or in the Addendum. These obligations included assuming operation of the Master Franchise and financing obligations of BRB. The Agreement is signed by BRB, Maibach and American Speedy.

## III. *Discussion of Novation*

To prove a novation a party must show the following:

(1) parties capable of contracting;

(2) a valid prior obligation to be displaced;

(3) the consent of all parties to the substitution based upon sufficient consideration;

(4) the extinction of the old obligation and the creation of a valid new one.

*George Realty Co. v. Gulf Refining Co.*, 275 Mich. 442, 447–448, 266 N.W. 411 (1936); *Leila Hosp. & Center v. Xonics Medical Sys.*, 948 F.2d 271, 274 (6th Cir.1991). In a novation the release by the creditor of his claim against the original debtor constitutes the necessary consideration. *Littshire, Inc. v. Hub, Inc.*, 294 Mich. 661, 664, 294 N.W. 69 (1940). "It is a well-settled principle that the assent to, and acceptance of, the terms of a novation ... may be implied from the facts and circumstances attending the transaction and the conduct of the parties thereafter." *George Realty Co.*, 275 Mich. at 448, 266 N.W. 411; *In re Yeager Bridge Co.*, 150 Mich.App. 386, 410, 389 N.W.2d 99 (1986). Even if there is no single act which establishes a novation, a court may find one after it considers all the facts and circumstances of a case. *Boulevard Land Co. v. Nutten*, 268 Mich. 541, 542, 256 N.W. 541 (1934).

At the time the Agreement was signed all parties were capable of contracting, and there was a valid oral agreement between Maibach and Buchanan which was extinguished for all practical purposes when American Speedy agreed to reimburse plaintiffs. Thus, three of the prongs of the test

are satisfied. *George Realty,* 275 Mich. at 449, 266 N.W. 411. Similarly, there was valid consideration because Maibach allowed a substitution of debtors. *Littshire,* 294 Mich. at 664, 294 N.W. 69. Was there consent of all of the parties to the substitution?

Yes. The evidence of intent to novate the oral contract is extensive. Maibach testified that he asked Buchanan to adhere to the terms of their contract by personally guaranteeing the terms of the Agreement. Buchanan refused to do this, but Maibach still consented to the terms of the Agreement. In addition, in the Agreement, American Speedy assumed a greater responsibility to reimburse Maibach than it had in the Master Franchise Agreement. These factors demonstrate that the parties to the Agreement believed that the contract between Buchanan and Maibach was subsumed by the Agreement. This conclusion is bolstered by the parties' actions after the Agreement was signed. Maibach did not discuss the oral contract with Buchanan after he entered into the Agreement and did not press for its validation in court for four years. *Gorman v. Butzel,* 272 Mich. 525, 529, 262 N.W. 302 (1935) (delay in instituting litigation is evidence of a novation).

In light of the substantial evidence demonstrating the existence of a novation of the oral contract, judgment for defendant as a matter of law is necessary.

### Conclusion

Accordingly, Defendant's motion for judgment as a matter of law is GRANTED. IT IS SO ORDERED.