*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEPAL 2012, LLC,

Plaintiff-Appellant,

v

GIULIO PANICCIA and PALM SPRINGS
CAPITAL, LLC,

Defendants-Appellees.

UNPUBLISHED
September 5, 2024

No. 364885
Wayne Circuit Court
LC No. 22-006980-CK

Before: MALDONADO, P.J., and PATEL and N. P. HOOD, JJ.

PER CURIAM.

In this breach-of-contract action, plaintiff appeals by right the trial court's order granting defendants', and denying plaintiff's, cross-motions for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). We affirm in part, reverse in part, and remand for additional proceedings.

## I. BACKGROUND

On February 11, 2021, plaintiff lent $30,000 to defendants. In consideration of the loan, defendants executed a promissory note, promising to repay $30,000 of principal together with a flat interest fee of $9,000 within 30 days—a 360% APR (annual percentage rate). The note further provided that, if defendants did not repay the principal and interest by the due date, the loan would automatically extend for 30 days and another $9,000 fee would be added to the balance, but that the $9,000 fee must be paid and would not roll over. This began a cycle of defendants failing to pay the loan, the flat interest fees being added to the principal, and new interest fees being assessed. It is undisputed that by July 11, 2021, owed plaintiff a balance of $85,000 on the $30,000 loan that was disbursed five months prior. There is no dispute that plaintiff did not advance any additional funds to defendants beyond the original $30,000 loan, and there is likewise no dispute that the effective APR of this loan far exceeds what is allowed by criminal usury statutes. On November 17, 2021, the parties entered into a "Settlement and Release Agreement" intended "to settle on the amount owed and the terms of repayment." The settlement reduced defendants' outstanding debt from $85,000 to $70,000, to be repaid in $5,000 monthly installments beginning on December 10,

-1-

2021. There is no dispute that when this settlement agreement is viewed as a $30,000 principal and $40,000 interest, the APR far exceeds what is allowed by state usury laws.[1]

Defendants made the first two monthly payments totaling $10,000 under the agreement, but, thereafter, stopped making payments. Plaintiff then made a formal demand "for a complete payoff" of the settlement agreement, claiming that defendants owed $60,000. Defendants denied plaintiff's demand on the basis that the debt comprised illegal usurious interest. Thereafter, plaintiff commenced this lawsuit to enforce the settlement agreement and collect the outstanding debt. Defendants asserted as an affirmative defense that the rate of interest on the debt underlying the agreement was in violation of Michigan's usury laws and that plaintiff was not entitled to collect the interest. The trial court granted defendants summary disposition, while denying plaintiff's motion. The court agreed that the loan underlying the settlement agreement charged illegal interest and was invalid, and thus that the settlement neither novated the debt nor waived defendants' rights, claims, or defenses regarding the usury. Refusing to enforce the usurious settlement agreement as contrary to public policy, the court awarded "no sums from Defendants."

## II. STANDARDS OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).

> A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Id.* 139-140 (quotation marks and citations omitted).]

"This Court also reviews de novo questions of contract interpretation." *Chestonia Twp v Star Twp*, 266 Mich App 423, 429; 702 NW2d 631 (2005). Questions of law and statutory interpretation are also subject to review de novo. *Soaring Pine Capital Real Estate & Debt Fund II, LLC v Park Street Group Realty Servs, LLC*, 511 Mich 89, 100; 999 NW2d 8 (2023). This includes whether a contractual provision is unenforceable as against public policy. *Id.*

## III. NOVATION

Plaintiff argues that the trial court erred by applying usury laws because this action arose from the breach of a settlement agreement. According to plaintiff, the settlement agreement

---

[1] Our calculations suggest that the payment of $70,000 over a 20-month period for a $30,000 loan constitutes a 67% APR.

constituted a novation, so any claims and defenses relating to lending were extinguished. We disagree.

Michigan has a "longstanding prohibition on excessive interest rates for certain loans." *Soaring Pine*, 511 Mich at 94. "Usury is, generally speaking, the receiving, securing, or taking of a greater sum or value for the loan or forbearance of money, goods, or things in action than is allowed by law." *Id.* at 103 (quotation marks and citation omitted). The Legislature "has enacted statutes imposing a fixed cap on the interest rate lenders may charge on certain loans while providing borrowers a mechanism for enforcing this limitation." *Id*. at 105. "While the precise maximum rate varies based on the type of loan, any rate provided is a fixed, definite number as to the applicable class of loans." *Id*. at 116 n 27. MCL 438.41 provides in relevant part:

> A person is guilty of criminal usury when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding 25% at simple interest per annum or the equivalent rate for a longer or shorter period.

Plaintiff does not dispute that the underlying loan violated the criminal usury statute. Instead, plaintiff argues that the settlement agreement was a novation and therefore discharged the underlying loan and any accompanying defenses to its repayment. Novation is "the act of substituting for an old obligation a new one that either replaces an existing obligation with a new obligation or replaces an original party with a new party." *Black's Law Dictionary* (10th ed). This argument is without merit because a novation cannot occur when the underlying agreement is invalid. The elements necessary to establish novation are: (1) parties capable of contracting; (2) a valid prior obligation to be displaced; (3) the consent of all parties to the substitution, based upon sufficient consideration; and (4) the extinction of the old obligation and the creation of a valid new one. *George Realty Co v Gulf Refining Co*, 275 Mich 442, 447-448; 266 NW 411 (1936). Plaintiff cannot establish element two because the prior obligation, being in violation of criminal usury laws, was invalid. Plaintiff advances a confusing argument suggesting that the underlying agreement was valid because usury is a "defense" that was not raised by defendants. Plaintiff cites no authority in support of this bizarre assertion, and it is well established that courts cannot enforce agreements that violate law or public policy. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51; 664 NW2d 776 (2003).

Because the prior obligation was invalid, the purported novation was invalid.

## IV. REMEDY

Plaintiff argues that the trial court erred by holding that defendants owed nothing to plaintiff because the proper remedy for usury violations is to apply any interest to the principal. We agree.

MCL 438.32 provides as follows:

> Any seller or lender of his assigns who enters into any contract or agreement which does not comply with the provisions of this act or charges interest in excess of that allowed by this act is barred from the recovery of any interest, any official

fees, delinquency or collection charge, attorney fees or court costs and the borrower or buyer shall be entitled to recover his attorney fees and court costs from the seller, lender, or assigns.

"Moreover, when a lender seeks to enforce a usurious contract, the borrower is entitled to have any previously paid interest applied against the outstanding principal." *Washburn v Michailoff*, 240 Mich App 669, 675; 613 NW2d 405 (2000). Accordingly, while the court properly extinguished the interest, it erred by wholly releasing defendants from the debt.

Defendants do not contest that the proper remedy in this matter was to extinguish the outstanding interest and apply any prior interest payments toward the principal. Instead, defendants argue that plaintiff waived appellate review of this argument by failing to raise it in the trial court. According to defendants, plaintiff took an "all or nothing approach" that focused only on the validity of the settlement agreement. However, "[n]o exception need be taken to a finding or decision." MCR 2.517(A)(7). "[I]ssue preservation requirements only impose a general prohibition against raising an issue for the first time on appeal." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Moreover, "a party is generally free to make a more sophisticated or fully developed argument on appeal than was made in the trial court." *Id*. at 228. Therefore, defendants' preservation argument is without merit.

Affirmed in part, reversed in part, and remanded for additional proceedings consistent with this opinion. We do not retain jurisdiction. Neither party having prevailed in full, costs may not be taxed. MCR 7.219(A).

/s/ Allie Greenleaf Maldonado
/s/ Sima G. Patel
/s/ Noah P. Hood